Davidson *v.* Nicholson.

## DAVIDSON *v.* NICHOLSON.

EASEMENT.—One who owns the fee of lands, in which another owns an easement, is the owner of the servient estate, and the latter the owner of the dominant estate.

SAME.—*Descents.—Action to Quiet Title.*—An easement in the lands of another, held by the owner in fee of adjoining lands, is appurtenant to, and runs and descends with, the latter estate; and the rights of one asserting such easement may be determined in an action by him, against the owner of the servient estate, to quiet his title to such easement.

SAME.—*Prescription.— User.—Adverse Possession.—Instruction to Jury.—Supreme Court.*—In an action to quiet the plaintiff's alleged title to a right of way across the lands of an adjoining proprietor in fee, claimed to have been acquired by twenty years' adverse use, the court instructed the jury, that " twenty years' uninterrupted, adverse use " of such right of way would raise a presumption of a grant of such easement.

*Held,* the evidence not being in the record, that the Supreme Court can not say that the instruction was erroneous.

*Held,* also, that the word " uninterrupted " in such instruction is equivalent to the word " continuous," and is sufficient without the addition of the word " exclusive."

SAME.—*Disability.—Burden of Proof.*—Where one claims an easement in the land of another, acquired by prescription, the burden of proof is upon the defendant to establish, as a defence to such claim, that during such user he was under disability.

SAME.—*Practice.*—Where the substance of instructions asked and refused is embraced in others given, such refusal is harmless.

From the Wayne Circuit Court.

*J B. Morris,* for appellant.

*H C. Fox,* for appellee.

WORDEN, J.—This was an action by the appellee, against the appellant, brought to quiet the plaintiff's alleged right to an easement of the right of way across the defendant's land.

Demurrer to the complaint for want of sufficient facts; overruled, and exception; trial by jury, resulting in a verdict and judgment for the plaintiff; a motion for a new trial on behalf of the defendant having been overruled.

Error is assigned upon the ruling of the court, in overruling the demurrer to the complaint. The point made

is, that an action will not lie to quiet one's right or title to an easement of this character. We have the following statutory provision:

"An action may be brought by any person either in or out of possession, or by one having an interest in remainder or reversion, against another who claims title to, or interest in, real property adverse to him, although the defendant may not be in possession thereof, for the purpose of determining and quieting the question of title." 2 R. S. 1876, p. 254, sec. 611.

The word *land*, and the phrases *real estate* and *real property*, include lands, tenements and hereditaments. 2 R. S. 1876, p. 313, sec. 797. The easement which the plaintiff claimed was *appendant* or *appurtenant* to his estate in lands, his being the *dominant*, and the defendant's the *servient*, estate. The easement, therefore, runs with the plaintiff's estate. "The owner of an easement in another's land has neither the general property in nor seizin of the servient estate, though he may, by holding a fee in the estate to which such easement is appurtenant, have an estate of inheritance in the easement. And from being something impalpable, of which a seizin can not be predicated, easements are classed with incorporeal hereditaments, and are so designated in the definitions thereof." Washburn Easements & Servitudes, 3d ed., p. 15.

In the case of *Morgan* v. *Moore*, 3 Gray, 319, 322, it was said: "The right to a fee, and the right to an easement in the same estate, are rights independent of each other, and may well subsist together, when vested in different persons. Each can maintain an action to vindicate and establish his right; the former to protect and enforce his seizin in fee; the latter to prevent a disturbance of his easement."

As the phrase "real property," used in the section of the statute above set out, includes hereditaments, and as the easement is a hereditament, the case comes within the statute.

The plaintiff claims the easement in certain lands, the fee of which is in the defendant. The latter controverts the plaintiff's claim. He denies the plaintiff's right, and claims, adversely to the plaintiff, to hold the land free from the supposed easement.

The objection to the complaint is not, in our opinion, well taken.

We proceed to the consideration of the motion for a new trial. No point is made on the motion except that which arises upon the instructions given, and those asked and refused.

The following charges were given:

" 5. An easement is an interest in real estate and can be created only by grant. Twenty years of uninterrupted, adverse use of a right of way will, however, raise a presumption of a grant of such right of way, and create an easement.

" 6. By adverse is meant, that the use of it is not by permission or toleration of the person or persons owning what is called the servient estate, that is, the real estate that is supposed to be injured by the existence of the easement; and the use, to be adverse, must have been with the knowledge of such owners.

" 7. If you believe there is a preponderance of the evidence showing that the owners of the land, alleged in the complaint to be now owned by the plaintiffs, have for a period of more than twenty years prior to the 1st day of January, 1871, uninterruptedly used the road or right of way described in the complaint, with the knowledge of the owners of the land on which such road or right of way was situated, under a claim of right, the jury would be warranted in finding, that there had been a grant of such right of way or easement."

These charges are objected to, because " they do not state the whole law, but fall far short of it," and the following paragraph from Washburn Easements & Servitudes, 3d ed., p. 131, is cited:

" In the next place, the use and enjoyment of what is claimed must have been *adverse, under a claim of right, exclusive, continuous, uninterrupted,* and with the knowledge and acquiescence of the owner of the estate in, over, or out of which the easement prescribed for is claimed, and while such owner was able, in law, to assert and enforce his rights, and to resist such adverse claim, if not well founded."

It may be observed, that, though some of the evidence is in the record, it is not all before us. Hence, if the charges given were right, under any supposable state of the evidence, they must be upheld. It is objected, that the charges did not inform the jury that the use must have been *continuous* and *exclusive.* The charges, however, informed the jury, that the use must have been uninterrupted for the required period. If the use was uninterrupted, it seems to us it must have been continuous. One of the definitions of the word " interrupt " is, " to destroy the continuity of." Worcester Dict.

We can by no means say, that the charges were wrong for failing to contain the word " exclusive." The evidence may not have shown that the use was otherwise than exclusive.

Nor, in the absence of the evidence, can we say that the charges were wrong, because they did not embrace the proposition, that the use must have been exercised while the owner of the servient estate was able in law to assert and enforce his rights, and resist such adverse claim, if not well founded. The evidence may not have shown any disability on the part of the owner of the servient estate.

We can not say, that the charges above set out were wrong, as applied to the evidence in the cause, that not being before us.

The appellant objects to the eleventh and twelfth charges given, but this objection is made on the theory

that the action would not lie to quiet the plaintiff's title to the easement, and need not be further noticed.

The appellant asked several charges, which were refused. We think all of them which we can say, in the absence of the evidence, should have been given, were substantially embraced in those given by the court, except the second, which was as follows ·

" 2d. In order to establish a right of way by prescription, or adverse use and enjoyment for more than twenty years, the use and enjoyment of the right of way claimed must be shown to have been adverse, under a claim of right, exclusive, continuous, uninterrupted, and with the knowledge and acquiescence of the owner of the estate in, over, through, or out of which the easement prescribed for is claimed, and while such owner was able in law to assert and enforce his right, and to resist such adverse claim, if not well founded. The right must be shown to have been hostile in its inception, and so to have continued, notoriously and uninterruptedly. If, in its origin, any such right of easement by prescription is based upon permission asked by one party and granted by the other, it can not be maintained, because an adverse right can not grow out of a mere permission, enjoyment or verbal consent."

Without considering the charge in other respects, we are of opinion that it was wrong, and properly refused, because it threw the burden of proof upon the wrong party, in respect to the ability, in law, of the owner of the servient estate to resist the adverse claim of the easement.

The charge says, that, " in order to establish a right of way by prescription, * * * the use and enjoyment of the right of way claimed must be shown to have been, * * * while such owner was able in law to assert and enforce his right, and to resist such adverse claim." This means, that it must be shown by the party seeking to establish the right of way. We think the ability in law

of the party, over whose land a right of way is sought to be established by user, to resist such adverse claim, need not be shown at all.   It will be presumed, in the absence of any evidence to the contrary.  If such party was under any legal disability, the burden of showing it rests upon him, or the party resisting the claim ; and the burden of showing the contrary does not rest upon him who seeks to establish the right of way.

Ability is the rule, and disability the exception.   *Palmer* v. *Wright*, 58 Ind. 486.

The judgment below is affirmed, with costs.