EVANS ET UX. *v.* NEALIS, ADM'R

PRACTICE.—*Substitution of Administrator as Plaintiff.*—*Statute of Limitations.*—*Pleading.*—The substitution of the administrator as plaintiff in an action, upon the death of the original plaintiff, and the filing of an amended complaint by him, are but steps in continuation of the original action, and not the commencement of a new one ; and where such amended complaint does not set up any new right not asserted in the original one, an answer pleading the statute of limitations is bad on demurrer, if such original complaint was filed before the cause of action was barred.

PLEADING.—*Intent of Pleader.*—A complaint by an administrator to set aside a conveyance as fraudulent against his decedent, which alleges that such conveyance was made with intent to defraud the plaintiff, instead of the plaintiff's decedent, will be upheld by a liberal construction, the intent of the pleader being plain.

FRAUDULENT CONVEYANCE.—*Husband and Wife.*—*Notice.*—Where the grantee of real estate, who is a purchaser for a valuable consideration and in good faith, conveys such real estate to the wife of the grantor, such wife takes the title thereto freed from the demands of her husband's creditors, though she may have had notice of the fraud imputed to her husband, no money of said husband being put into the purchase.

From the Boone Circuit Court.

*N. B, Taylor, F. Rand, E. Taylor, J. W. Clements* and *T. J. Terhune,* for appellants.

*R. Hill* and *J. W. Nichol,* for appellee.

WORDEN, J.—This case has once before been in this court, and the judgment below was reversed and the cause remanded for further proceedings. See *Evans et ux.* v. *Hamilton,* 56 Ind. 34.

After the cause went back, the death of the original plaintiff, Orville S. Hamilton, was suggested, and his ad-

ministrator, James Nealis, was substituted as plaintiff, and thereupon the administrator filed his amended complaint, in the following words :

"James Nealis, administrator with the will annexed of the estate of Orville S. Hamilton, deceased, plaintiff herein, for amended complaint, complains of James Evans and Margaret Evans, defendants, and says that heretofore, to wit, on the 24th day of December, 1869, said defendant James Evans was the owner of lands hereinafter described ; that on said 24th day of December, 1869, said defendants, by their deed of conveyance, conveyed to one Laurena Austin the following described real estate in Boone county, in the State of Indiana, to wit :   The east half of the north-east quarter of section six (6), township seventeen (17) north, of range two (2) west, containing 48 acres, more or less, said to be $\frac{4}{7}$ of 84 acres. And the plaintiff further says that said conveyance was voluntary and without consideration ; that, at the time of said conveyance of said real estate, the defendant James Evans was indebted to the plaintiff's decedent herein, on a promissory note dated April 24th, 1867, due twelve months after date, calling for the sum of $1,024 ; that on the 29th day of September, 1870, in the Boone Circuit Court, the plaintiff, Orville S. Hamilton, recovered a judgment on said note against the said James Evans, for the sum of twelve hundred and thirty-two dollars and twenty cents, principal and interest, and the further sum of sixty dollars and twenty cents costs, his costs of suit therein ; that the same has not been paid or any part thereof, but is now due and owing from the said James Evans to the plaintiff ; that said deed of conveyance was executed as hereinafter stated, while suit was pending on said note in said Boone Circuit Court ; that, at the time said conveyance was made to said Laurena Austin, the said James Evans did not have sufficient other property remaining to pay all his debts, and that said conveyance was made by said Evans and wife with the fraudulent intent

to hinder, delay and defraud the plaintiff out of his debt; that said James Evans is wholly and notoriously insolvent, and has no other property whatever, out of which said judgment can be made, except said real estate, and has been insolvent and destitute of other property, out of which any part of said judgment could have been made from the making of said conveyance to the commencement of this action ; that said Austin well knew of and participated in said fraud, and received said deed of conveyance with the fraudulent intent of hindering, delaying and defrauding the plaintiff out of his debt, and for no other or different consideration ; that afterward, to wit, on the 25th day of December, 1872, the said Laurena Austin, well knowing that said conveyance to her was voluntary and without any consideration, and well knowing that at the time the said James Evans did not have sufficient other property remaining to pay all his debts, to further carry out the fraudulent intent of James Evans aforesaid, with her husband, Samuel Austin, and by deed of conveyance, conveyed said real estate to said Margaret Evans ; that said Margaret Evans was a party to said fraud, in this, that she knew that said conveyance to said Austin was voluntary and without consideration, and that she paid no consideration whatever for said real estate, but on the contrary received said deed of conveyance from said Laurena Austin and Samuel Austin with the fraudulent intent to hinder, delay, cheat and defraud the plaintiff out of said debt; that the said James Evans, for the last twelve years and ever since, has been and now is in the possession of said real estate. Wherefore," etc.

The defendants demurred to the complaint for want of sufficient facts, but the demurrer was overruled. The objection urged to the complaint is, that it alleges that the conveyances mentioned were made with intent to defraud the plaintiff, and not the plaintiff's testator. The intent of the pleader is plain enough. He evidently intended to

allege an intent to defraud the original plaintiff in the action, and we think a liberal construction will uphold the pleading in this respect.

The defendant Margaret Evans, in the third paragraph of her answer, pleaded that "the cause of action mentioned in the amended complaint did not accrue within six years before the filing of the amended complaint herein. Wherefore," etc.

A demurrer for want of sufficient facts was sustained to this paragraph of answer. In this we think no error was committed.

The substitution of the administrator as plaintiff upon the death of the original plaintiff, and the filing of an amended complaint, were but steps in continuation of the original action, and not the commencement of a new one, and the amended complaint did not set up any new right or title not asserted in the original one, but contained a more perfect statement of the right sought to be enforced in the original. See *Hawthorn* v. *The State*, 57 Ind. 286.

The issues formed in the cause were tried by a jury, resulting in a general verdict for the plaintiff, with answers by the jury to interrogatories, and judgment was rendered on the verdict, over motions by the defendants for a new trial, and for judgment on the answers to interrogatories notwithstanding the general verdict.

We are not clear that the answers to interrogatories may not be reconciled with the general verdict, and therefore need not extend this opinion by setting them out. But we are of opinion that the motion for a new trial should have prevailed.

Upon an examination of the evidence, which is all in the record, we find nothing which tends to sustain the allegations of the complaint that Laurena Austin took the conveyance to her, without consideration, or that she had notice of the alleged fraudulent purpose of her grantor, Evans. On the contrary, it affirmatively appears that she paid

a valuable consideration for the land, indeed nearly as much as it was estimated by the witnesses to be worth, and fraud will not be presumed, but must be proved. She paid some money for the land, surrendered some notes which she held against Evans, and paid off some judgments which were liens upon the land.

As she was a purchaser for a valuable consideration, and in good faith for aught that appears, she could convey the land to Mrs. Evans and vest in the latter a good title, free from the demands of the creditors of her husband. Mrs. Evans, if she purchased or took a conveyance from one who was a purchaser in good faith for a valuable consideration, would take a title freed from the demands of her husband's creditors, though she may have had notice of the fraud imputed to her husband, because she would step into the shoes and acquire the rights of her grantor.

The evidence shows that Laurena Austin and her husband, for a valuable consideration, conveyed the land to Mrs. Evans. The amount paid by Mrs. Evans seems to have been about the value of the land. The only possible theory on which the plaintiff could recover on the evidence in the case is, that Mrs. Evans put her husband's money into the purchase of the property from Laurena Austin. But this is not the case made by the complaint. The theory of the complaint is, that Laurena Austin was a fraudulent voluntary purchaser, and that the conveyance by her and her husband to Mrs. Evans was without consideration. Besides this, we are clear that there was no evidence that justified the inference that any money of the husband went into this purchase. Mrs. Evans had money of her own, and some land in Montgomery county, and it was shown that one of her adult sons furnished her with twelve hundred dollars which he had made on her land in Montgomery county. There is no affirmative evidence in

the record, that any of the husband's money went into the purchase.

The judgment below is reversed, with costs, and the cause remanded for a new trial.

Opinion filed at May Term, 1879.

Petition for a rehearing overruled at November Term, 1879.