Arnold *v.* Smith *et al.*

No. 8240.

## ARNOLD *v.* SMITH ET AL.

REAL ESTATE, ACTION TO RECOVER.—*Counter Claim.*—*Title.*—In an action to recover possession of real property, a counter claim which avers that the defendant is the owner in fee simple, is in possession, and that the plaintiff's claim creates a cloud upon the defendant's title, is sufficient, though the sources of the defendant's title are not fully set out.

SAME.—*Vendor and Purchaser.*—*Notice.*—*Mortgagee.*—A suit commenced by B. against C. and D., to recover real property, is no notice of B.'s claim to a mortgagee of E., who, during the pendency of the suit, had the legal title, and after E. is made a party the pendency of the suit is no notice to a purchaser of the property who thereafter buys, claiming title through such mortgage. A purchaser with notice from a purchaser without notice takes the property divested of any claim.

PRACTICE.—*Argumentative Denial.*—No error is committed in sustaining a demurrer to an argumentative denial in reply, when the general denial remains on file.

SUPREME COURT.—*Weight of Evidence.*—The Supreme Court will not disturb a judgment upon the weight of the evidence, when the evidence tends to support the finding.

From the Vigo Circuit Court.

*S. B. Gookins, G. C. Duy, A. Baker* and *E. Daniels,* for appellant.

*J. M. Allen, W. Mack* and *S. C. Davis,* for appellees.

BEST, C.—On the 1st day of March, 1864, the appellant brought suit against Asher Norton for the recovery of certain real estate situate in Terre Haute. At the March term, 1865, the appellant asked and obtained leave to amend her complaint by making Sophia Smith a defendant. The amendment was made and process was ordered, returnable at the next term. Whether Horace B. Smith, who was also a defendant, was named in the original complaint or was brought in afterwards, does not appear from the record. The case passed through various vicissitudes for ten years, when it was discovered that the complaint was lost, and a substituted one was filed. The first paragraph of this complaint contained the usual aver-

ments for the recovery of real propety. The second averred substantially that the appellant owned and was in possession of the property in 1857, and that Horace B. Smith, by his fraud, stating particularly the facts, induced her to convey him the property on the 3d day of February, 1857; that, on the 26th day of said month, said Horace B. Smith conveyed the property to Asher Norton, who took the same while appellant was in possession, without consideration and with full notice of her rights; that in March, 1861, Norton "put appellant out of possession," and on the 15th of July, 1862, conveyed the property to Sophia Smith, who accepted the same with full notice of the appellant's rights, and without any consideration other than five dollars, love and affection; that the defendant has been in possession since March, 1861, enjoying the rents and profits, to the damage of appellant $2,500. Prayer, that the deeds be cancelled, the appellant's title quieted and the possession recovered.

At the November term, 1876, Nicholas Filbeck was admitted as a defendant and filed an answer in two paragraphs. The first was a general denial, and the second a counter claim, styled a cross complaint. In the second it was averred, in substance, that Filbeck was in possession and was the owner in fee of the premises in dispute; that Sophia Smith had owned them under a "clear, connected and continuous chain of title from the government," and that while she owned them she executed a mortgage upon them to William R. McKeen; that he subsequently foreclosed the mortgage, caused the property to be sold, and became, himself, the purchaser for $4,500, without any notice whatever of the appellant's claim; that afterward, to wit, in April, 1873, McKeen sold and conveyed said premises to the appellee Filbeck for $4,-000, and that he bought and paid for said premises in good faith and without any notice whatever of the appellant's claim; that, at the time of his purchase, this suit had not appeared upon the records of the court for several years; that all the papers were misplaced or lost except a motion to rein-

state the cause; that the motion did not disclose the nature or object of the suit, and there was no paper, record or memorandum showing that it was a suit for the possession of said property; that appellant's claim creates a cloud upon his title. Prayer, that his title be quieted as against the appellant. A demurrer for want of facts was overruled to this paragraph and an exception reserved.

Thereupon the appellant replied in two paragraphs. The first was a general denial and the other special.

In the latter it was averred, substantially, that Filbeck did not purchase the property and receive his deed therefor without notice of the appellant's claim; that " this suit was commenced on the 1st day of March, 1864, and has been pending in this court ever since," and that if the papers were lost or mislaid, as averred, it occurred without the appellant's fault; that if the case was not placed upon the docket of the court, as averred, it was because of the fault or negligence of the clerk, without the negligence or knowledge of the appellant, and that by reason of the pendency of said suit McKeen was a purchaser of said premises with notice of appellant's claim. A demurrer, for want of facts, was sustained to this paragraph of the reply and an exception taken.

The issues were tried by the court, and, over a motion for a new trial, judgment was rendered for the appellees. From this judgment the appellant appeals and assigns various errors, some of which are mere grounds for a new trial, and others are not insisted upon in the argument. It is insisted, however, that the court erred in overruling the demurrer to the counter claim, in sustaining the demurrer to the second paragraph of the reply, and in overruling the motion for a new trial.

It is assumed, though not so expressly stated, that the counter claim is bad, without the averments that the suit had not appeared upon the records of the court for several years before the appellees' purchase, and it is insisted that such averments can not aid the pleading, as such notice as the

pendency of the suit furnished could not be impaired or de-
stroyed by the failure of the clerk to docket such suit or keep·
the papers upon the files.   Without holding that the want of
diligence in the prosecution of the suit, as against a purchaser
for value and without notice, is sufficient to destroy such no-
tice as the pendency of the suit would otherwise furnish, we
are of opinion that the counter claim was, without these aver-
ments, sufficient.   It was averred that Filbeck was the owner
in fee simple, was in possession and that appellant's claim
created a cloud upon his title.   This was sufficient.   It was
said in *Dumont* v. *Dufore*, 27 Ind. 263, that "A title in fee
simple means a title to the whole of the thing absolutely, and
it seems to us that any claim of title to the same thing by another
is necessarily adverse to him who owns the whole fee, in the
sense of the statute."   See *Gillett* v. *Carshaw*, 50 Ind. 381.
Nor did the allegations in the answer, showing the source of
the appellees' title, weaken these general averments.   It was
alleged that Sophia Smith owned the property under a con-
tinuous chain of title from the government; that she executed
a mortgage upon it to McKeen, who, through it, obtained title
for value and without notice of appellant's claim, and that
appellee obtained McKeen's title for value and without notice.
It appears that Filbeck purchased after the institution of the
suit, but it does not appear that his vendor, McKeen, was a
party to the suit, nor that Sophia Smith was a party at the
time McKeen acquired his title from her; and, therefore, the
allegations showing the source of his title do not weaken the
general averment that he was the owner in fee simple.   It is
true that it is not averred that McKeen acquired his title be-
fore Sophia Smith was made a party to the suit, but no fact
is alleged inconsistent with it, and, therefore, the general aver-
ment that he was the owner in fee simple supplied the omis-
sion.   It is averred that McKeen purchased of Sophia Smith,
who had the legal title, for value and without notice of the
appellant's equity, and, if so, he took the title divested of such
claim, and so did Filbeck, by his purchase from McKeen.

The counter claim was clearly good, and no error was committed in overruling the demurrer to it.

What we have said in disposing of the demurrer to the counter claim, virtually disposes of the demurrer to the second paragraph of the reply. If the averments in the counter claim, that the suit had not appeared upon the dockets of the court for several years, were immaterial, those in the reply in avoidance of them were equally so. Aside from these averments, the paragraphs of the reply in question merely denied the averments of the counter claim by affirming the contrary to be true. This, it is true, was good as an argumentative denial, but, as the general denial was also filed, no error was committed in sustaining the demurrer to this paragraph. *Strough* v. *Gear*, 48 Ind. 100; *Wray* v. *Wray*, 32 Ind. 126.

This brings us to the motion for a new trial. That motion embraced the following causes, viz. :

1st. The finding is contrary to law.

2d. It is not sustained by sufficient evidence.

3d. The court erred in admitting parol testimony tending to show that a summons had not been issued on the day the complaint was filed, after an entry upon the entry docket had been read, stating that a summons had been issued.

4th. The court erred in admitting parol testimony to show that, at the time Filbeck purchased the property, search had been made in the clerk's office for the papers in this cause, and that they could not be found.

5th. The court erred in finding that the deed made by the appellant had been delivered to Horace B. Smith, so as to invest him with the title.

The 3d and 4th causes for a new trial may be considered together, as we are of the opinion that the admission of the testimony, if wrong, was harmless.

It appears from the complaint that the appellant conveyed the property in dispute to Horace B. Smith, on the 3d of February, 1857; that Horace B. Smith conveyed the property to Asher Norton, February 26th, 1857; and that he obtained

possession on the 1st of March, 1861; that he conveyed it to Sophia Smith, July 15th, 1862, and she was not made a party to the suit until the March term, 1865. It appears from the evidence that Sophia Smith executed a mortgage upon the property to William R. McKeen, on the 8th day of March, 1864, for $4,000, through which Filbeck derives his title. This mortgage was executed nearly, or quite, a year before Sophia Smith was impleaded, and as she had the legal title from the 15th of July, 1862, the pendency of the suit against other parties was no notice to a purchaser from her.

Wade, on the Law of Notice, sec. 355, thus states the law: "It is not sufficient that there is a claim made by the pleadings to the property. To affect a purchaser who comes in *pendente lite*, under the holder of the legal title, with constructive notice of the equity claimed against it, the holder of the legal title must have been impleaded at the time of the purchase. Should he be brought in subsequent to the purchase, the *lis pendens* would not take effect by relation, so as to charge the purchaser with notice, although the property may have been specially designated in the bill."

The pendency of the suit against other parties was no notice to McKeen of the appellant's equity, and, therefore, the parol testimony, tending to show that no summons had issued, could not possibly injure the appellant.

Nor was she injured by the testimony tending to show that no papers were on file in this cause at the time Filbeck purchased the property. McKeen was not a party to the suit, nor did he acquire his title through any person who was, at the time, a party to the suit.

Again, the validity of McKeen's mortgage was not questioned, and, as he took it without notice of appellant's claim, he was, therefore, a *bona fide* purchaser. *Work* v. *Brayton*, 5 Ind. 396; *Babcock* v. *Jordan*, 24 Ind. 14.

Filbeck purchased the title of McKeen, acquired through such mortgage, and it was immaterial whether the pendency of such suit was notice to him (Filbeck) or not, as a pur-

chaser with notice from a purchaser without notice is protected. 2d Story Eq. Juris., sec. 1503a; Brown v. Budd, 2 Ind. 442; Hampson v. Fall, 64 Ind. 382.

For these reasons, we think, that if the evidence had shown that a summons was issued on the day the suit was commenced, and that the papers were on file when Filbeck purchased, these facts would not have been constructive notice to McKeen or to Filbeck of the appellant's equity, and, therefore, no injury was sustained by the admission of the testimony.

The other causes for a new trial may be grouped and considered together.

Under them the appellant insists that the evidence shows that the deed made by her to Horace B. Smith was never delivered, and for that reason the finding was wrong.

John Arnold's deposition was taken in 1879. He testified that he had conveyed the property to the appellant, and that Horace B. Smith afterward induced her to believe that some of Arnold's creditors were about to institute proceedings to subject the property to the payment of his debts; that to avoid this appellant made a deed, in which her husband did not join, and delivered it to one A. E. Taylor, to be held by him until it became necessary to deliver it, in order to avoid the supposed danger; that, on learning that such deed would be inoperative, if delivered, because her husband had not executed it, she made the deed in question, handed it to Arnold, to be by him delivered to Taylor in lieu of the one then held by him; that he, with such deed, called upon Smith, requested him to go with him to Taylor to take up the old and substitute the new deed; that Smith was then unable to go, but proposed to take the deed and deliver it, himself, to Taylor; that thereupon he handed said deed to Smith, and that neither he nor appellant ever otherwise delivered said deed. It further appears that Smith at the same time made a deed of some lots to appellant, who afterward conveyed them away, at the instance and for the benefit of Smith. This is substantially the case made to show that the deed was not delivered. In op-

position to this, the appellees read the deposition of the same witness, taken in 1865, in which he testified that the appellant had made a deed to Smith, and that he, as her agent, delivered the deed, without saying anything about it having been given to Smith, to be by him delivered to Taylor as an escrow. The second paragraph of the complaint averred that possession was surrendered to Smith's vendee in 1861. The deed was sought to be set .aside because it was fraudulently obtained, and the testimony taken in 1865 supported this version of the transaction. Under these circumstances, the court found for the appellees, and we do not think we can disturb the finding, as there was certainly some evidence in support of it.

For these reasons, we think the court did not err in over-ruling the motion for a new trial, and that the judgment should be affirmed.

PER CURIAM.—It is therefore considered, upon the fore-going opinion, that the judgment be and it is hereby in all things affirmed, at appellant's costs.

## ON PETITION FOR A REHEARING.

BEST, C.—A rehearing is asked on the ground that the court erred in holding that the lower court properly over-ruled the motion for a new trial. It is claimed that the court, in holding that the finding could not be disturbed, as there was some evidence to support it, based its decision upon a rule of law wholly inapplicable to the case made by the evi-dence; that the evidence upon the question whether appel-lant's deed was delivered to Smith was documentary, and in such case this court will determine the fact upon the weight of the evidence. We do not controvert the rule, but think the case is not within it. The testimony tending to show that the deed was not delivered was by deposition, but there was some oral testimony upon the same question. Besides,. John Arnold testified by deposition, in 1865, that Smith ad-vised appellant to make a deed to some friend to hold for her benefit, and that she declined to do so ; that he then proposed

that if she would convey the property to him he would convey her the Blinn lots and a half interest in a warehouse; that she was reluctant to do so, and he suggested that the deed need not be recorded, but might be put in safe keeping until an emergency arose; that in pursuance of this arrangement the appellant made him a deed for the property in question and he conveyed the lots to her, but not the half interest in the warehouse. He further testified that he, as her agent, delivered the deed to Smith. Afterward the appellant surrendered the possession to Smith's vendee and subsequently conveyed the Blinn lots at the instance of Smith. Appellant's deed to Smith and Smith's deed to her were made at the same time, were parts of the same transaction, and her subsequent conveyance of the lots was a recognition of the delivery of the deeds. Surrendering possession also indicated such fact. These facts, aided by the above testimony, tended strongly to show a delivery of the deed, and we can not say that the testimony tending to show that the deed was handed to Smith to be delivered to Taylor as an escrow even furnished a fair preponderance upon this question. Under these circumstances the finding can not be disturbed, and the petition should be overruled.

PER CURIAM.—Petition overruled.