Klinger *v.* Lemler *et al.*

No. 16,240.

KLINGER *v.* LEMLER ET AL.

LIEN.—*Foreclosure.*—*Ditch Assessment.*—*Erroneous Description.*—*Bona Fide Purchaser from Owner.*—*Lien Purchaser.*—*Respective Rights.*— *Subrogation.*—Where land sought to be affected by ditch assessments, was, in all the proceedings, erroneously described as being in the northeast quarter, instead of in the northwest quarter, of a certain section of land, and the land so described, upon failure to pay the assessments, was foreclosed upon, under the lien, and sold, the purchaser of the land under the foreclosure proceedings was subrogated to all the rights of the lien holder, and the lien was such as might have been enforced against the owner of the land at the time of the ditch proceedings, but can not be enforced against the *bona fide* assignee for value, of such owner, or one holding through such assignee.

From the Marshall Circuit Court.

*C. Kellison,* for appellant.

*S. Parker,* for appellees.

HACKNEY, J.—The question for review is the sufficiency of the appellant's complaint, to which a demurrer was sustained in the circuit court.

It is alleged that one George Riseley owned a forty-acre tract of land in Marshall county, and that said tract was benefited by a certain drainage sought and secured in proceedings under the act of April 8, 1881, as amended March 8, 1883, p.173. In all of said proceedings, said tract was erroneously described as in the northeast instead of the northwest quarter of the section, and said tract was assessed benefits in the sum of one hundred and forty-eight dollars, no part of which was ever paid by said Riseley. In December, 1885, the appellant, as drainage commissioner, sued said Riseley for the enforcement, by foreclosure, of the lien of said assessment, and, in May, 1886, the appellant purchased said tract, upon decree in said

action, for two hundred and fifteen dollars and seventy-nine cents, which sum he, as such commissioner, applied upon the construction of said drain and the costs of said suit. In said foreclosure proceeding, and the certificate of purchase issued to appellant, the lands were so erroneously described. After said foreclosure proceeding, and before the proceeding in this case, Riseley conveyed, by proper description, to McKelvy; McKelvy conveyed to Cullen, and Cullen conveyed, by warranty deed, to the appellee, George F. Lemler.

The complaint seeks to charge Lemler with notice of the appellant's equity, and to enforce such equity as a lien senior to Lemler's rights.

There are no allegations of notice to, or fraud by, McKelvy or Cullen, nor is it claimed, in the argument, that they were not *bona fide* purchasers, except as they may have been affected by a constructive knowledge of the assessment through the erroneous description. So far as they may be held to such knowledge, that far may the appellant also be held to such knowledge.

The appellant's counsel states his contention in the following three propositions:

"1. Did the ditch proceedings, mentioned in the complaint, create a lien against the 'land' such as could have been enforced by a proper proceding against said land in the hands of said George Riseley?"

"2. If a lien was created by such ditch proceedings against said land, so that the same could have been enforced against it in the hands of George Riseley, does not the complaint allege sufficient knowledge on the part of the appellee George F. Lemler to make the land liable to pay the amount of said ditch assessment in his hands?"

"3. The appellant having purchased at said sale, in good faith, and without knowledge of the error in the description of said land, and the proceeds of said sale

having been employed in constructing said ditch to the benefit of the land, is not appellant entitled to be subrogated to all the rights of the original lien-holder?''

The first and third of these inquiries we may answer in the affirmative, giving emphasis to the contingency that such rights are enforced against Riseley. But the second inquiry must be answered in the negative, when we consider the further fact that McKelvy and Cullen are not charged with a knowledge of the equity sought to be enforced in behalf of the appellant, and are not purchasers in fraud of the holder of such equity. They are good-faith purchasers, as the appellee may be a good-faith purchaser, so far as we learn from the allegations of the complaint.

Conceding, but not deciding, that the complaint sufficiently shows that Lemler had knowledge of appellant's equity, and considering either McKelvy or Cullen a good-faith purchaser, the appellant must fail.

In *Brown* v. *Cody*, 115 Ind. 484, it was said, by this court, as to a purchaser with knowledge of prior equities: ''If Mrs. Cody became the assignee of Drew, the purchaser at the sheriff's sale, she acquired a good title. Drew had a right to sell, and she to buy, and if the former purchased in good faith at the sheriff's sale, he had a title which he might sell, even though Mrs. Cody might, had she been the original purchaser, not have been able to acquire a title because of notice of prior equities. The general rule is, that one who has notice of a prior equity will acquire the same title as that of his vendor, where the vendor is a purchaser in good faith. This is a familiar rule of equity and has often been enforced by this court.''

In *Evans* v. *Nealis*, 69 Ind. 148, it is held that ''Mrs. Evans, if she purchased or took a conveyance from one who was a purchaser in good faith for a valuable con-

sideration, would take a title freed from the demands of her husband's creditors, though she may have had notice of the fraud imputed to her husband, because she would step into the shoes and acquire the rights of her grantor.''

In *Hampson* v. *Fall*, 64 Ind. 382, the following is quoted, with approval, from 2 Perry Trusts, section 830, and we repeat it as giving a cogent reason for the rule: ''So a purchaser with notice from a purchaser without notice is protected, not on his own merit, but on the merit of the innocent purchaser; for, if such purchaser could not sell the estate, he would be deprived of one of the valuable attributes of his property.'' See, also, *Arnold* v. *Smith*, 80 Ind. 417; *Trentman* v. *Eldridge*, 98 Ind. 525; 2 Pomeroy's Eq. Jur., section 754.

The ruling of the court below was right, and the judgment is affirmed.

