## MITCHELL ET AL. *v.* KOCH ET AL.

[No. 21,883. Filed May 31, 1911.]

BILLS AND NOTES.—*Mortgages.*—*Innocent Purchasers.*—*Subsequent Purchasers with Notice of Equitable Liens.*—Where a person loaned money to the record owner of land without notice of the equitable lien of such owner's wife, taking a promissory note for such loan and a mortgage executed by such owner and his wife on such land as security therefor, and such person died, his will bequeathing such note and mortgage to his widow, such mortgage can be enforced by a purchaser from the legatee as a lien superior to the equitable lien of such wife, though such purchaser at the time of his purchase knew of the wife's equitable rights.

From Huntington Circuit Court; *Samuel E. Cook*, Judge.

Suit by John L. Koch against Jennie M. Mitchell and others. From a decree for plaintiff, defendants appeal. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590. *Affirmed.*

*T. G. Smith* and *C. W. Watkins*, for appellants.

*W. D. Hamer*, for appellee John L. Koch.

MORRIS, J.—On July 8, 1879, appellant Samuel P. Mitchell acquired title to lot No. 55, in the town of Mount Etna, Huntington county, by warranty deed, which was duly recorded. On August 23, 1880, Mitchell received from his wife, Jennie M. Mitchell, the sum of $600, which he used in paying on a lien for the purchase price of the lot, and, as a part of the transaction, delivered to his wife the following written instrument:

"Mount Etna, Indiana, August 23, 1880.
Received of Mrs. Jennie M. Mitchell $600, to invest in lot No. 55, town of Mount Etna, Indiana, and it is understood that if said property is sold, Mrs. Jennie M. Mitchell is to receive $600, as it is considered she holds it as her undivided interest in the property.
S. P. Mitchell."

On January 30, 1899, Samuel P. Mitchell borrowed from James Frame, $400, for which he executed his promissory note, due two years after date, and, to secure the payment of which he executed a mortgage, in which his wife joined, on said lot No. 55. This mortgage was recorded December 28, 1901.

James Frame died testate in August, 1902, and, by his will, bequeathed the note to his wife, Jennie Frame. On October 28, 1905, after the final settlement of her husband's estate, she sold, for a full and valuable consideration, the Mitchell note to appellee Koch, and assigned to him the mortgage given to secure it. Neither James Frame nor Jennie Frame had any knowledge of the written agreement between the Mitchells, heretofore set out, nor that any sum of money had ever been received by Samuel P. Mitchell from his wife, and applied on the payment of any lien for the purchase price of the lot, nor that Mrs. Mitchell claimed to hold any interest in the lot, or lien thereon.

When appellee Koch purchased the note and mortgage

from Mrs. Frame, he knew that Mrs. Mitchell had furnished the $600 received by her husband on August 23, 1880, and that this money had been used in the payment of a purchase debt for the lot, and he further knew that Mrs. Mitchell was claiming an equitable lien on the lot.

In December, 1907, appellee Koch filed his complaint in the Huntington Circuit Court, against the Mitchells, on the $400 note, and to foreclose the mortgage. Mrs. Mitchell filed a cross-complaint, in which she set out the facts concerning the $600 transaction of August 23, 1880, and prayed that she be decreed the owner of a lien on the lot, superior to that of plaintiff's mortgage, for $600, and interest thereon since August 23, 1880.

The court made a special finding of facts, and stated its conclusions of law thereon. The only controversy in this appeal is on the lower court's third conclusion of law, which was, in effect, that appellee Koch, although he knew when he purchased the Frame note and mortgage that Mrs. Mitchell had an equitable lien on the lot, nevertheless took the same right under the Frame mortgage as was held by the mortgagee at the time of its execution. The judgment follows the conclusion of law.

Counsel for Mrs. Mitchell contend that she is, in equity, the holder of a vendor's lien on the lot, which, by reason of appellee's knowledge of the facts, is superior to the lien of his mortgage. This proposition cannot be sustained.

One who has notice of a prior equity will acquire the same title which was held by his vendor at the time of the purchase. Unquestionably, when the mortgage was executed to Frame, it was not affected by the secret lien of Mrs. Mitchell. His wife, as his legatee, acquired the same title that was held by him, and Koch acquired the same title. This principle is upheld by all our authorities. *Buck* v. *Foster* (1897), 147 Ind. 530, 62 Am. St. 427, and cases cited; *Brown* v. *Cody* (1888), 115 Ind. 484; *Evans* v. *Nealis* (1879), 69 Ind. 148; *Arnold* v. *Smith* (1881), 80 Ind. 417; *Pugh* v.

*Highley* (1899), 152 Ind. 252, 44 L. R. A. 392, 71 Am. St. 327.

This doctrine exists, not because of any consideration for one who purchases with notice of prior equities, but by reason of the merit in the claim of the original purchaser who acquired valuable property rights, in good faith, without notice. If the latter could not sell the same title that he innocently purchased, he might thereby be deprived of his property without any fault of his own.

There was no error in the court's conclusion of law. Judgment affirmed.