[No. 9282. Department One. July 17, 1911.]

CHARLES L. WINGARD, *Appellant*, v. GRANT COPELAND *et al.*, *Respondents*.[1]

VENDOR AND PURCHASER — CONTRACTS — TITLE OF VENDOR — FEE SIMPLE—OUTSTANDING EASEMENTS. A vendor cannot convey a "full fee simple title" where the land is subject to an easement for a water ditch.

SAME. In an agreement to convey a full fee simple title free and clear from taxes, mortgages and other liens, the enumeration of taxes, mortgages, etc., does not lessen the force of the stipulation for a fee simple title, and the agreement is not satisfied by a title subject to an easement.

SAME. An agreement to furnish a full fee simple title is not satisfied by a marketable title subject to an easement.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered August 11, 1910, in favor of the defendants, after a trial on the merits before the court without a jury, in an action for specific performance. Affirmed.

*Herbert C. Bryson* and *John H. Woodward*, for appellant.

*Sharpstein & Sharpstein*, for respondents.

[1]Reported in 116 Pac. 670.

PARKER, J.—This action was commenced by the plaintiff in the superior court under Rem. & Bal. Code, § 195, to recover from the defendants the purchase price of land in Walla Walla county under a contract for the sale thereof to the defendants. The defendants resisted the plaintiff's claim upon the ground that his title to the land is imperfect and not such as he agreed to convey, and they asked for affirmative judgment against him in the sum of $100, being the amount paid by them as earnest money upon the contract price. A trial before the court resulted in a judgment in the defendants' favor, annulling the contract and awarding them judgment against the plaintiff for the amount of earnest money paid upon the contract. From this disposition of the case, the plaintiff has appealed.

The following facts are clearly established by the record, and we think are all that need be noticed in determining the rights of the parties. A written contract for the sale of land from appellant to respondents was entered into by the parties in March, 1909. The contract was in the form of a written offer made by appellant and accepted by respondents. The agreement as to the title to be conveyed was contained in the written offer of appellant as follows:

"I hereby submit to you proposition of sale of my ten-acre tract southeast of Walla Walla about which we have been dealing. My price is $8,750 net cash, free and clear of any commissions, this price to include all crops now seeded or to be seeded on said lands and a full fee simple title free and clear from any taxes, mortgages or other liens of any character."

Upon accepting the offer respondents paid to appellant $100 as earnest money upon the purchase price. The contract contemplated the furnishing of an abstract of title and the completion of the sale thereafter. The following, among other things, appear from the abstract, touching the condition of appellant's title. The land here involved lies in the east ½ of the southeast ¼ of sec. 28, tp. 7 N., R. 36 E. An owner of land in the west ½ of this quarter section has an

easement right in connection therewith under a deed thereto from a prior owner of the quarter section, in which deed such easement rights are described as follows:

"Also, the right to enter upon the east half of said southeast quarter of said section twenty-eight in said township and range and at any point by ditch, flume or other waterway conduct any or all the water from that certain creek called Yellow Hawk flowing through the same down, through and over said premises into and upon the hereinbefore granted land, and other neighboring and adjoining land, for milling, manufacturing or any other kind of industrial purpose, and also, for irrigation, and to that end to dig, construct, establish and maintain (but on condition that the same be kept in good order and repair) any suitable and convenient ditch, flume or waterway not exceeding ten (10) feet in width, and also, at any point in said Yellow Hawk creek on said premises to build and maintain any good and sufficient dam, although the same should cause water to back up in said stream on other lands of the party of the first part; and also, the further right to enter upon any of the lands of said party of the first in said section twenty-eight and also in section twenty-seven, in said township and range and by suitable pipes placed in the ground to take and conduct water from any stream and springs thereon, subject to prior like rights heretofore granted to John B. Allen, his heirs and assigns to the hereby granted land for domestic and irrigating purposes thereon."

Under this grant there is maintained a water pipe line across the land here involved, and it is clear that appellant's title is subject to this easement.

Let us now inquire as to the effect of this easement right upon appellant's title, and as to what extent it impairs his ability to convey to respondents "a full fee simple title" as provided by the terms of the contract of sale. The contention of counsel for appellant seems to be that, since his title is subject only to this easement, it is none the less a fee simple title, and his ownership and dominion over the land is nevertheless all that the words "fee simple title" implies.

The supreme court of Indiana, in the case of *Indiana etc. R. Co. v. Allen*, 113 Ind. 581, 15 N. E. 446, discussing the nature

of a fee simple title where it was claimed that such a title did not exclude an easement, said:

"The case before us is quite as strong as one could well be, for here the complaint averred that the appellee was the owner in fee simple and that the claim of the appellant was unjust and unfounded, and so the court expressly finds and decrees. This decree, therefore, adjudges that the whole interest is absolutely in the appellee, and that the claim of the appellant is utterly groundless. A decree adjudging the whole title to be in the plaintiff, and that the defendant's claim is unjust and unfounded, necessarily settles the whole controversy and covers the title and its incidents. This would, indeed, be the effect of the decree if it did no more than adjudge the fee to be in the plaintiff, for he who owns the absolute fee has an unclouded and unburdened estate. As said in *Dumont v. Dufore*, 27 Ind. 263, 'A title in fee simple means a title to the whole of the thing absolutely.' This statement of the law has been quoted with approval. *Stockton v. Lockwood*, 82 Ind. 158; *Arnold v. Smith*, 80 Ind. 417.

"It is no doubt true that a defendant may have his interest, whatever it may be, protected in a decree; but if the decree contains no limiting clause, and adjudges his claim to be unjust and unfounded, and that of the plaintiff to be in fee simple, it conclusively affirms that he has no claim to the property. *Stumph v. Reger*, 92 Ind. 286. It cuts off every claim, whatever be its form or character. But the claim which the appellant here seeks to enforce is a claim to an estate or interest in the land itself. An easement is an interest in land. *Burk v. Hill*, 48 Ind. 52; *Douglass v. Thomas*, 103 Ind. 187. It is so completely an estate or interest in land that an action will lie to quiet title to it. *Davidson v. Nicholson*, 59 Ind. 411. We think it very clear, that, where title has been quieted in the owner of the fee, a claim to an easement is conclusively adjudicated, and can not again be asserted. But if it were simply a claim, clouding the owner's right, it would be adjudicated."

Justice Harlan, speaking for the supreme court of the United States in *Adams v. Henderson*, 168 U. S. 573, said:

"A good and indefeasible title in fee imports such ownership of the land as enables the owner to exercise absolute and exclusive control of it as against all others."

See, also, *Van Rensselaer v. Poucher*, 5 Denio 35; *Miller v. Calvin Phillips & Co.*, 44 Wash. 226, 87 Pac. 264.

It seems plain to us that appellant was unable to convey "A full fee simple title" to respondents, his land being subject to this easement. He was not enabled "to exercise absolute and exclusive control of it as against all others," using the language of Justice Harlan above quoted.

Counsel for appellant rely upon the literal words of the contract, that the title was to be "free and clear from taxes, mortgages, and other liens." From which it is argued that the enumeration of encumbrances of this particular class excludes the idea that appellant's title is to be free from all other encumbrances. This enumeration, however, we do not think lessens the force of the words "full fee simple title." It will be noticed that the enumerated encumbrances are only liens upon the land, such as could be satisfied by the payment of money, while the easement with which the land is burdened is something more in its effect than a mere lien. It actually lessens appellant's present dominion and control over the land. In other words, it renders his title less than a "full fee simple title." Those words, we think, constitute the agreement to furnish a title free from the burden of such easement.

Some contention is made that, notwithstanding the existence of this easement, appellant in any event has marketable title to the land. We are not able to adopt this view. In 26 Cyc. 818, "marketable title" is defined as "a term which when applied to real estate is used to designate a title free from reasonable doubt." 19 Am. & Eng. Ency. Law (2d ed.), 1138; 1 Warvelle, Vendors (2d ed.), §§ 46, 299. We do not think that the question of marketable title is involved here at all. It is clear that appellant has not a "full fee simple title to the land." There is no doubtful question as to this. If it could be made to appear with reasonable certainty that this easement did not in fact exist, though there was a bare possibility that it might exist, we would have a case involving this contention; but we know that it does exist and that ap-

pellant's title is impaired to that extent. It may be that this easement is comparatively only a slight hinderance to full enjoyment of the land by appellant, but the certainty of its existence renders it such that respondents were not obliged to accept the title offered by appellant, in view of the expressed terms of the contract.

Other alleged imperfections in appellant's title are pointed out by counsel for respondents, but since we conclude that the one we have discussed is sufficient to sustain the trial court's disposition of the case, the others do not require discussion here.

We are of the opinion that the rights of the parties have been correctly determined by the trial court. Its judgment is therefore affirmed.

DUNBAR, C. J., MOUNT, FULLERTON, and GOSE, JJ., concur.