[No. 11146.  Department One.  September 4, 1913.]

SOMERS COMPANY, *Appellant*, v. CELIA M. PIX, *Respondent*.[1]

VENDOR AND PURCHASER — VENDOR'S TITLE — DEFECTS — SALE OF WOOD.  An abstract of title showing a receipt "in full payment of wood" on the premises, is not objectionable as failing to show a "marketable" title, where no time was fixed for the removal of the wood; since the presumption is that it was severed or to be removed immediately.

FRAUDS, STATUTE OF—TITLE TO LAND—STANDING TIMBER—DEED. A receipt for wood is void as a conveyance of standing timber, under the statute of frauds, Rem. & Bal. Code, §§ 8745, 8746, requiring conveyance of an interest in real estate to be by deed.

BROKERS—COMPENSATION—DEFECTS IN TITLE.  As between a vendor and a broker suing for a commission on a sale that was abandoned because of objections to the title, the vendor is not bound by the opinion of the vendee's attorney, but the court will determine the true state of the title.

BROKERS—RIGHT TO COMPENSATION — WAIVER — CONTRACT — PERFORMANCE.  Under an agreement with a broker, to convey to the purchaser by a warranty deed and to pay as commissions whatever was received in excess of the sales price, the broker is not entitled to commissions where the sales contract required the vendor to furnish an abstract showing good title, and the broker, acting as agent for the vendor, allowed the purchaser to take down his earnest money and abandon the deal, upon his making a technical objection to the abstract without showing any substantial defect rendering the title unmarketable; since he did not obtain a purchaser ready and willing to buy, and was to be paid commissions only out of the purchase money received.

[1]Reported in 134 Pac. 932.

Appeal from a judgment of the superior court for King county, Smith, J., entered October 24, 1912, upon findings in favor of the defendant, in an action on contract, after a trial to the court. Affirmed.

*Winfield R. Smith*, for appellant.

*Tucker & Hyland*, for respondent.

Chadwick, J.—Plaintiff and defendant entered into a contract, the material parts of which follow:

"I hereby give you the exclusive sale of the said described property during a period of 90 days from date hereof, and thereafter until withdrawn by—10 days—days' written notice, and upon receipt of the purchase price I agree to make a good and sufficient conveyance of said property, by warranty deed, to the person or persons to be designated by you. The price of said property to be twenty five hundred and twenty five ($2525) net dollars. The terms of payment as follows, towit: Cash upon delivery of warranty deed or a less price and on other terms if concessions are agreed to. In case of sale of the above described property by any one during the term of this contract, I further agree to furnish a complete abstract of title to said property and pay you a commission of whatever sum is received in excess of net price fixed above."

Thereafter plaintiff found a purchaser who was willing to buy the property. He made a payment of $200 earnest money on the agreed purchase price of $4,600. A contract was entered into and signed by the defendant and by plaintiff, her agent, and by the purchaser. Parts of this contract material to our present inquiry are as follows:

"The said purchaser shall be furnished an abstract showing 'good and sufficient title' to said property, and be allowed ten days for examination thereof; whereupon he agrees to complete the purchase in the manner and upon the terms herein, and in case of his failure so to do, the sum of money herein receipted for shall be forfeited to Charles Somers Company to the extent of their agreed upon commission, and the residue to the owner of the said property. It is further

agreed that in the event of failure to convey by "good and sufficient title" within 30 days after the termination of the period allowed for the examination and approval of abstract the said sum of money shall be refunded to the purchaser."

An abstract was prepared. Some minor objections were made by the attorney for the purchaser. These were corrected, but the abstract contained a copy of a receipt which is of record. It is as follows:

"Received of August Schneider seventy-five and no-100 dollars in full payment of wood on the south point of Hartstine Island, covering 106 acres, lots 1, 2, 3 and 4. $75. Celia M. Pix."

This was objected to by the attorney for the purchaser, and defendant having failed to clear the record within the time limited, the sale was not consummated. After the time for performance had expired, plaintiff repaid the $200 earnest money to the purchaser and brought this action to recover the difference between the sum of $2,525 and $4,600, or $2,075, as a commission. The court held that the contract was not a brokerage contract with promise to pay a commission in any event, but was a joint venture; that no sale having been consummated, no recovery could be had; that the receipt or "wood contract," as it is called by counsel, did not affect the title to the property; that the title was marketable; and that the purchaser was able but was not ready and willing to purchase the property. Upon these findings, the court entered its conclusions, and finally rendered judgment in favor of the defendant. From this judgment, plaintiff has appealed.

The briefs and arguments of counsel have taken a wide range, but it will be seen that, if defendant offered a marketable title, she is not in fault and plaintiff cannot recover. A "marketable title" has been defined by this court as a title free from reasonable doubt. *Wingard v. Copeland*, 64 Wash. 214, 116 Pac. 670; *Cummings v. Dolan*, 52 Wash. 496, 100 Pac. 989, 132 Am. St. 986; *Summy v. Ramsey*, 53 Wash.

93, 101 Pac. 506; *Milton v. Crawford,* 65 Wash. 145, 118 Pac. 32. The receipt did not, in our judgment, cast suspicion on the title to the property or render it reasonably doubtful so as to make defendant liable for her failure to clear the abstract. The land had been logged and the receipt referred to wood to be used for fire wood. No time is fixed within which the wood is to be removed. In such cases, the presumption is that the wood is either severed or is to be severed in the immediate future. It has been held that such contracts convey no interest in the land. *Cain v. McGuire,* 13 B. Mon. (Ky.) 340; *Byassee v. Reese,* 4 Met. (Ky.) 372, 83 Am. Dec. 481; *Claflin v. Carpenter,* 4 Met. (Mass.) 580, 38 Am. Dec. 381. Or, if the receipt be regarded as covering timber with indefinite right of removal as to time, as distinguished from a sale of wood, and as an instrument affecting title to the land, there was no part performance, and it would be void under the statute of frauds and therefore not enforcible. Rem. & Bal. Code, §§ 8745, 8746 (P. C. 143 §§ 1, 3); *Chamberlain v. Abrams,* 36 Wash. 587, 79 Pac. 204; *Huff v. McCauley,* 53 Pa. St. 206, 91 Am. Dec. 203.

"An interest in land or arising out of it, whether corporeal or incorporeal, must be in grant. It can pass only by deed. The statute of frauds is applicable to all such interests, and with especial reason when they are incorporeal. Its language is very comprehensive. It applies to all estates, interests of freehold, . . . or any uncertain interest of, in, or out of any messuages, manors, lands, etc., without regard to any consideration that may have passed." *Huff v. McCauley, supra.*

As between vendor and purchaser, a court will not ordinarily try out a title that has been rejected as suspicious, unless it is satisfied to the extent of certain conviction that no other judge would take a different view. Maupin, Marketable Title to Real Estate, page 712. But as between the vendor and an agent who is suing for a commission upon a sale that was not consummated, the court will determine the true state of the title. A vendor is not bound to take the opinion of the

purchaser's attorney as to the title.   He can, as in all other cases, stand upon his legal rights and insist that his title is good.   Furthermore, defendant's contract with plaintiff was to make a good and sufficient conveyance of said property by warranty deed.

"The terms of payment as follows to wit: Cash upon delivery of warranty deed  .  .  .  I further agree to furnish a complete abstract of title to said property and pay you a commission, etc."

Defendant's agreement with the purchaser, in which the plaintiff joined, was to furnish an abstract showing a good and sufficient title to said property, and in the event of her failure to convey by a good and sufficient title within thirty days after the termination of the period allowed for the examination and approval of the abstract, the money was to be refunded to the purchaser.   The purchaser was content to take down his earnest money.   He went out of the case with the consent of the plaintiff, and in going he absolved defendant of all liability to perform so far as he was concerned. Plaintiff, being the agent of defendant, could not directly or indirectly sue as for a specific performance, or by indirection recover damages for a failure to perform, yet that is in legal effect what it is trying to do.   It has endeavored to put itself in the abandoned camp of the adversary, whereas, a recovery on its own contract can only be sustained on the theory that the contract with the purchaser has been performed or is still enforcible.   Defendant had promised plaintiff no more than that she would convey to a purchaser a good title by good and sufficient warranty deed and pay such as "is received in excess of the purchase price," in other words, out of the purchase price.   If the purchaser is acquitted of his contract there can be no purchase price.   Whether the undertaking was a joint undertaking, as held by the trial court, in the strict sense of the term, may be open to discussion under the authorities, but considering the contracts before us—and from these the rights of the parties must flow—

rather than from abstract statements of the law as applied to other facts, the interests of the parties to this suit were in a sense mutual. Plaintiff and defendant were, so far as the purchaser was concerned, on the same side. Their money, the sale price to one, and the compensation or bargain or commission, if we are pleased to so call it, to the other, was to come out of the same pocket, and when plaintiff permitted the purchaser to exercise his option and draw down the earnest money and thus terminate his contract, it waived all right of recovery, if any it ever had, against defendant. In releasing the purchaser from his liability to perform, it released defendant and necessarily lost its own rights.

We have argued the case having in mind the theories advanced by counsel for both sides, that a purchaser would have no right to arbitrarily or capriciously reject the title. That he must show a substantial defect rendering the title nonmarketable; that if he does not do so, he will be liable in an action in damages, and that defendant likewise could not capriciously or arbitrarily refuse to perform, but must furnish a title consistent with her contract; that the legal rights of the vendor could not be concluded by a mere objection, but that such contract could be terminated by agreement or by abandonment. That this was done, we have undertaken to demonstrate, so that plaintiff, who was the admitted agent of the defendant, having by its own action put it beyond the power of the defendant to stand on her title and sue the purchaser, cannot be heard to demand a commission in the amount and in lieu of "whatever sum is received in excess of the net price."

We have not discussed the numerous authorities cited by counsel. The rights of the parties depend and can be resolved by a reference to the written contracts and the conduct of the parties. However, it may not be out of place to say that plaintiff relies principally upon the case of *Dean v. Williams*, 56 Wash. 614, 106 Pac. 130, and defendant relies upon the case of *Seattle Land Co. v. Day*, 2 Wash. 451, 27

Pac. 74. A reference to those cases will show that, while there is much in them to sustain the contentions of counsel, yet they, like all other cases of this character, are to be distinguished by reference to the facts of the particular case.

Affirmed.

GOSE, MOUNT, and PARKER, JJ., concur.