[No. 31833. Department Two. February 29, 1952.]

LEENDERT GROENEVELD, *Respondent*, v. JEFFERSON E. DEAN
*et al., Appellants.*[1]

*Robert W. Garver* and *Jefferson D. Miller*, for appellants.

*Hugh A. Knapp* (of *Estes & Knapp*), for respondent.

HAMLEY, J.—Leendert Groeneveld brought this action to enjoin J. E. Dean and Robert E. Dean from the further cutting and removal of timber from plaintiff's tract. Plaintiff asserted that he had given defendants a revocable oral license to cut and remove timber, but had elected to revoke the license. The Deans defended on the ground that they had entered into an oral contract with plaintiff for the removal of all the timber, and that there had been sufficient part performance to take the contract out of the statute of frauds.

[1] Reported in 241 P. (2d) 443.

The tract in question, consisting of approximately one hundred nine acres, is located west of Camas, in Clark county, Washington. It contained about eight hundred thousand feet of timber. Approximately five hundred thousand feet of this timber was cut and removed by the Deans before this action stopped their operations.

It is undisputed that the arrangements relative to the sale of this timber were oral, except for the issuance of a cutting permit. The initial negotiations consisted of informal conversations at the respective homes of the parties. There were later trips to the woods together, where plaintiff pointed out the general boundary lines of the tract. In addition, there were subsequent discussions regarding the price plaintiff was to receive, resulting in an upward revision from four dollars to six dollars a thousand.

The trial court entered findings of fact to the effect that defendants had failed to prove the existence of an oral contract to sell all of the timber; that plaintiff had granted defendants an oral revocable license to cut and remove such timber; that plaintiff had subsequently revoked the license; that, to enable themselves to cut the timber, defendants had purchased certain equipment but had not thereby suffered any loss which is referable to the contract; and that defendants had expended an unsubstantial sum in building and rebuilding roads on the tract, but that such work did not confer substantial benefit on plaintiff or add to the value of the land. Judgment for plaintiff was entered accordingly (omitting provisions relative to an accounting, not here in question) and defendants appeal. Respondent did not file a brief in this court or participate in the oral argument here.

██ The statute of frauds in question is Rem. Rev. Stat., § 10550, requiring that every conveyance of real estate, or any interest therein, and every contract creating or evidencing any encumbrance upon real estate, shall be by deed. A conveyance of standing timber, with the right of entry upon the land and removal of the timber, is within this statute. *Somers Co. v. Pix*, 75 Wash. 233, 134 Pac. 932;

*France v. Deep River Logging Co.,* 79 Wash. 336, 140 Pac. 361.

The first question before us is whether the trial court erred in finding that there was no oral contract for the sale of all the timber.

 The burden of proof which rested upon appellants relative to establishing the existence of such a contract, is stated as follows in *Granquist v. McKean,* 29 Wn. (2d) 440, 445, 187 P. (2d) 623:

"The first requirement of the doctrine that part performance of an oral contract exempts it from the provisions of the statute of frauds is that the contract be proven by evidence that is clear and unequivocal and which leaves no doubt as to the terms, character, and existence of the contract. *Thompson v. Weimer,* 1 Wn. (2d) 145, 95 P. (2d) 772; *Payn v. Hoge,* 21 Wn. (2d) 32, 149 P. (2d) 939; *Jennings v. D'Hooghe,* 25 Wn. (2d) 702, 172 P. (2d) 189.

"A mere preponderance of the evidence is not sufficient. If the evidence leaves it at all doubtful as to whether or not a contract was entered into, the court will not decree specific performance."

 We have examined the evidence in the light of the above-quoted rule, and are satisfied that the trial court did not err in finding that appellants had failed to prove an oral contract. There is some testimony, including one or two statements made by respondent, which tends to indicate that a definite two-year period for removal of the timber was intended. However, the evidence, when read as a whole, points to the conclusion that respondent granted a mere revocable license. The testimony also indicates lack of certainty as to the boundaries of the tract and the price to be paid for the timber. No useful purpose will be served by analyzing the evidence on these matters in this opinion.

Since the existence of an oral contract was not established with the required degree of proof, it is unnecessary to consider the further question of whether the court erred in concluding that there was insufficient part performance to take the contract out of the statute of frauds.

The judgment is affirmed.

SCHWELLENBACH, C. J., HILL, FINLEY, and OLSON, JJ., concur.