# ORANGE COUNTY,

JONATHAN C. SMITH *v.* EDWARD SPRAGUE.

*Damages. Covenant. Warranty. Referee.*

A party having been defeated in a suit against him for damages for having interfered with an easement on his land, may recover of his warrantor the damage he has sustained in consequence of the breach of the covenant against incumbrances, and such costs and expenses as he has fairly and in good faith incurred in attempting to maintain and defend his title.

He was not bound to follow the advice of his warrantor by suing the party who claimed the easement and entered upon the premises. ·

It is well settled that the supreme court will not revise the proceedings of a referee, unless it appears upon the face of the report that the referee, in deciding the questions raised before him, intended to decide them according to law, and that in making his decision he has clearly mistaken the law.

It is not error for the county court to allow the referee to amend his report by making a statement of the facts in full that appeared before him on the hearing.

THIS was an action on breach of covenant in a deed from the defendant to the plaintiff. The case was referred, and the referee reported as follows, viz : That the defendant conveyed the premises named in the declaration to the plaintiff, and with the covenants as set forth in the declaration ; that the premises were incumbered as therein set forth ; that the plaintiff took possession of the premises in the spring of 1859. Soon after he took possession, Horace Wheeler entered upon the premises, claimed that he had a drain running through them, which was stopped up, and claimed the right to clear it out, which he proceeded to do. The plaintiff informed the defendant thereof, and the defendant told him that the said Wheeler had no such right, and to sue him. Instead of doing so the plaintiff inter-

fered with the said Wheeler in his use of the drain, and the said
Wheeler brought a suit against him therefor, in which he recovered
a judgment against said Smith for sixty-eight dollars and sixty-six
cents, damages and costs, for which he took execution, and on the
11th day of March, A. D. 1864, the said Smith paid it, then amount-
ing to the sum of sixty-nine dollars and fifty-nine cents, - $69 59

　　That said Smith paid attorney's charges in that case to
the amount of sixty-nine dollars and twenty-five cents, - 69 25

. That said Smith's costs before the referee in that suit
were taxed and allowed at the sum of sixteen dollars and
eighty-nine cents, - - - - - - - - · 16 89

and beyond that the referee estimates the time and expen-
ses of said Smith in that suit at the sum of fourteen dollars, 14 00

　　Making the sum of one hundred and sixty-nine dollars
and seventy-three cents, - - - - - - $169 73

　　The interest thereon from March 11, 1864, to January
9, 1866, is the sum of eighteen dollars and sixty-one cents, 18 61

　　Making the sum of one hundred and eighty-eight dollars
and thirty-four cents, - - - - - - - $188 34

which the referee finds for the plaintiff to recover of the defendant
with his costs of this suit.

　　The referee subsequently amended his report as follows, viz:—
" The undersigned, referee in said cause, further reports, that he finds
from the evidence given at the hearing of said cause before him, that
said Smith gave notice to said Sprague of the suit in favor of Horace
Wheeler against him, named in the declaration in this cause, and
requested him to defend it, and informed him that in case said
Wheeler recovered in that suit, he, said Smith, would claim indem-
nity under and by virtue of the covenants in the deed from the said
Sprague to said Smith, in such time that said Sprague might have
made defence in the suit Wheeler against Smith if he had chosen so
to do."

　　The defendant excepted to the report for reasons apparent on the
face thereof.　Thereupon the plaintiff moved the court to allow the
referee to file an amendment to report, which motion was granted.

Smith *v.* Sprague.

The referee thereupon from his minutes of testimony amended the report. The court, at the June Term, 1866, Peck, J., presiding, overruled the exceptions to the report, and accepted the same, and rendered judgment for the plaintiff for the amount allowed by the referee and costs,—to all which the defendant excepted.

*P. Perrin,* for the defendant.

*Wm. Hebard,* for the plaintiff.

The opinion of the court was delivered by

Pierpoint, Ch. J.   The questions in this case arise upon the report of a referee.

The principle is well settled in this state, that this court will not revise the proceedings of a referee, unless it appears upon the face of the report that the referee in deciding the questions that were raised before him, intended to decide them according to law, and that in making his decisions he has clearly mistaken the law.

In this case it does not appear that any question of law was presented for his decision, or that he attempted to decide any question upon legal principles; for ought that appears in the report the referee decided the case entirely upon equitable grounds.

But, conceding that the referee intended to be governed by legal rules in deciding the case, we are unable to discover that he has deviated therefrom in disposing of it.

The action is brought upon the covenants against incumbrances contained in a deed of certain premises, executed by the defendant to the plaintiff. The referee finds that the covenants were entered into by the defendant, and that the premises conveyed were incumbered as alleged in the plaintiff's declaration. He also finds that after the plaintiff took possession of the premises, one Wheeler entered upon the premises, claiming the right to have a drain run across them, and the right to enter upon the premises to clear the drain, etc.   The plaintiff thereupon informed the defendant of Wheeler's claim. The defendant told the plaintiff that Wheeler had no such right, and told the plaintiff to sue him.

The plaintiff thereupon interfered with Wheeler's use of the drain, and Wheeler sued him. The plaintiff notified the defendant of the suit, and asked him to defend it. This the defendant neglected to do. The plaintiff defended the best he could, was cast in the suit, compelled to pay damages and cost, and incurred considerable expense in defending it, which he now seeks to recover, and which the referee has allowed to him in his report.

The plaintiff did nothing but what he was fully justified in doing, acting upon the assumption that his premises were free from incumbrances, as warranted by the defendant, and in view of what the defendant told him when informed of the claim of Wheeler. He was not bound to adopt the defendant's advice and sue Wheeler, but was at liberty to interfere with Wheeler's operations, and test his rights in that way. Having been defeated in the suit, he now has the right to go back upon his warrantor for the damage he has sustained in consequence of the breach of the covenant, and such costs and expenses as he has fairly and in good faith incurred in attempting to maintain and defend his title.

This principle is recognized in *Park* v. *Bates*, 12 Vt. 381 ; *Pitkin* v. *Leavitt*, 13 Vt. 379. In the latter case WILLIAMS, J., says : " As to the legal costs and expenses in the action of ejectment, the case of *Smith* v. *Compton,* 3 Barn. & Ad. 407, is a very decisive authority, not only that there may be a recovery on the covenant when no notice had been given of the former suit in ejectment, but also that the recovery should be for the necessary cost and expenses in that suit, as well as for the value of the land." See also Sedg. on Dam. 183 and 187, and cases there cited. It was not error in the county court to allow the referee to amend his report by making a statement in full of the facts that appeared before him on the hearing. Such is the every day practice in the county court, and in a case recently decided in Rutland county, this court held that the county court might properly recommit the report of the referee, for the correction of errors, and the further report of the facts on which the findings were based, and to report to the next term.

Judgment of the county court is affirmed.