# EVANS *v.* MARSH.

---

PARTIES; AFFIDAVITS; VENDOR AND PURCHASER; EVIDENCE.

1. The question of whether all of the owners of real estate should have been joined as parties defendant in an action against one of them, on a contract signed by him as their attorney, cannot properly be

raised under a plea by him of the general issue, unsupported by affidavit to meet the affidavit filed with the declaration.

2. A contract to convey real estate "with a good record title," means a regular fee-simple title duly exhibited upon the record of deeds, free from encumbrances, including conditions and covenants restricting the free use and enjoyment of the property by the owner.

3. A vendor of land is bound to know the condition of his title, and it is his duty to disclose the same before entering into a contract to sell the land.

4. Where a declaration in an action against the owner of land to recover a deposit made by the intending purchaser, on the ground that the title was not good, is supported by an affidavit under the 73d rule of the lower court, setting forth the contents of a report of a title company showing conditions and covenants attached to the title, restricting the free use and enjoyment of the land, and the defendant does not file with his plea of the general issue a counter affidavit, he cannot properly, on a motion by the plaintiff for judgment, contend that the report of the title company is not competent as evidence, or that the restrictive covenants did not in fact impair the actual value of the title, and render it unmarketable.

No. 2345.    Submitted January 11, 1912.    Decided March 4, 1912.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, entered upon motion by the plaintiff for want of an affidavit of defense in an action to recover a deposit made on a contract to sell land.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

George W. Marsh sued John O. Evans, to recover $200. The declaration alleges an agreement between the parties— the same attached to an affidavit therewith filed—by the terms of which, in consideration of $200 then deposited, and further payments to be made, defendant agreed to convey to plaintiff a certain parcel of land, with a good record title else the sale to be declared off, and the deposit returned. That plaintiff, in accordance with the terms of said agreement, caused the title to be examined by the District Title Company, and re-

ceived a report to the effect that the records showed a fee-simple title in defendant and Arad W. Evans, Elanor Estabrook, and Marguerite C. Evans:

"Subject to the conditions that no wine, beer, malt or spirituous liquors shall be manufactured or sold upon any part of said lots, nor shall any stable or stables or building for use of horses, cattle, or live stock—erected on the same, except private stables or outhouses used in connection with any dwelling to be erected on said premises; that no slaughter house shall be erected thereon, nor shall any bricks, tile, pottery, or any other clay product be manufactured thereon, nor shall any machines for the manufacture of bricks, tile, pottery, or any clay product, or kilns for burning of same be erected thereon; that no dwelling house or residence shall be erected on the said lots, of less value than $1,000, or shall any building be erected within 15 feet of the north line of said lots."

And further that the records disclosed a sale for unpaid taxes.

That plaintiff notified defendant that he would not accept said title as complying with the agreement, and demanded the return of said deposit, which defendant refused. The declaration concludes with the ordinary common counts.

As the basis for a motion for a summary judgment under common-law rule 73, plaintiff filed an affidavit embracing the agreement hereafter recited. Affiant alleged that, after receiving the report of the Title Company,—recited in full in the affidavit,—he saw defendant and gave him the said report; saying that he would not accept the title with the conditions mentioned, and demanded an unconditional fee-simple title or the return of his deposit. That defendant asked time to consider, and later refused to return the $200 deposited. The agreement, referred to above, reads as follows:

Washington, D. C., April 8th, 11.
Received of George W. Marsh a deposit of two hundred dollars, ($200) to be applied as part payment in the purchase of lots numbered 47, 48, 54, 55, 56, 57, 58, 59, and 60 in

square numbered 4070, in the city of Washington, District of Columbia, with the improvements thereon. Sold for the sum of four thousand nine hundred and five dollars and ninety cents ($4,905.90) on the following terms:—

One thousand dollars ($1,000) less said deposit of two hundred dollars, payable May 8th, 1911, one thousand dollars ($1,000) payable on or before August 8th, 1911, and two thousand nine hundred and five dollars and ninety cents ($2,905.90) payable on or before May 8th, 1912; said purchaser to give his promissory notes for the amount of said payments, secured by deed of trust on the said property, with interest at the rate of five percentum per annum until paid.

Property sold with a good record title, or deposit to be returned and sale declared off. Should title upon examination prove defective, vendor shall not be liable for any damages caused thereby. Examination of title, conveyancing, recording, etc., at the cost of purchaser.

Taxes, interest, rents, and insurance to be adjusted by calculation to date of transfer. Taxes and assessments, whether levied or not, for special improvements already made, to be paid by vendor.

Purchaser is required and agrees to make full settlement in accordance with the above terms of sale, within thirty days hereof. If purchaser fails to make full settlement within the time herein specified, deposit will be forfeited. In the event of forfeiture of deposit, the purchaser is not relieved from obligation to comply with terms of sale. Vendor to execute the usual special warranty deed.

Made in Duplicate.

> George W. Marsh, Purchaser.
> John O. Evans,
> > Attorney for heirs of
> > > Dan'l. S. Evans, Deceased
> > > > Owners.

Defendant entered pleas of nonassumpsit, but filed no affidavit of defense as required by rule 73.

On motion, the court entered judgment for the plaintiff for the amount claimed.

*Mr. Charles Cowles Tucker, Mr. J. Miller Kenyon,* and *Mr. Henry B. F. McFarland* for the appellant.

*Mr. Daniel O'C. Callaghan* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

1. The first contention of the appellant is that the judgment is erroneous because the contract was signed by the defendant as agent for a known principal, and the following cases are relied on: *Whitney* v. *Wyman,* 101 U. S. 392–396, 25 L. ed. 1050–1052; *Metcalf* v. *Williams,* 104 U. S. 93–97, 26 L. ed. 665–667. Those cases hold that where a contract, not under seal, is signed by a party as agent for another, it becomes a question of intent whether he bound himself or a known principal; where the principal is disclosed and the agent is known to be acting as such, he cannot be made liable personally unless he agreed to be so. Nor is it essential that there shall be a recital of the principal's name in the instrument, if the other contracting party knows that he is acting for a principal, and who that principal is.

The difficulty lies in applying this doctrine to the facts of the case. Assuming for the purpose of the case what does not clearly appear, that plaintiff at the time of the execution of the contract knew who the owners of the property were, and that defendant was authorized to and intended to bind them, they also knew that he was one of the owners, and therefore intended to bind himself as one of them. Necessarily he was properly made a defendant; and the question resolves itself into this: Should the other owners, whom he represented, have been joined with him as defendants? No such question was presented by plea or affidavit, as it should have been, and is not in the case.

2. The plaintiff contracted to receive and pay for, and the defendant contracted to convey the property "with a good record title." This meant a regular fee-simple title duly exhibited upon the record of deeds, free from encumbrances, including conditions and covenants restricting the free use and enjoyment of the property by the owner. The covenants shown by the record as running with and binding the title were of this description. When disclosed by the contemplated examination, the plaintiff had the right to declare the sale off, and demand the return of the money deposited. The vendor is bound to have known the condition of his own title, and it was his duty to disclose the same before entering into the contract, and give the plaintiff the opportunity to agree to take it in that form, or to end the negotiation; or else to proceed to obtain a release of the conditions.

Based upon the proposition that it was the duty of the plaintiff to show that the title was not good of record, the defendant objects now that the certificate of the Title Company was not competent evidence of this. But the question is not one of the competency of the evidence. The plaintiff was under no obligation to make formal proof of his cause of action. He availed himself of the privilege conferred by the 73d rule to demand a summary judgment without trial, and without proof other than the recitals of the affidavit supporting his declaration. The defendant could only have had a trial of the issue by filing an affidavit of defense, which he failed to do.

The further contention is made that the restrictive covenants did not, in fact, impair the actual value of the title, and render it unmarketable. The plaintiff contracted, as we have seen, not for a marketable title,—whatever that may mean,—but for one good of record. Nor would we be prepared to say, were the question before us, that the value was not substantially affected by the conditions attached to the use and enjoyment of the property, or that the plaintiff could be compelled, upon any evidence relating thereto, to accept the title as complying with his contract. It is sufficient to say that the question is

**D. C.]**                               Syllabus.

not before us, the defendant having failed to avail himself of his opportunity to raise it by plea, and defensive affidavit.

The judgment was right, and will be affirmed, with costs.

*Affirmed.*