8631

SMYLY v. COLLETON CYPRESS CO.

1. REAL PROPERTY.—Possession of land may be proved by a number of facts and circumstances, neither of which might show possession alone, but all of which considered together would satisfy the jury which is the tribunal to try such issue.

2. RECORDING DEEDS.—THE DOCTRINE OF PURCHASER FOR VALUE WITHOUT NOTICE can only be relied on by one claiming title from the same source as the plaintiff. The record of a deed is only notice to those claiming through the same grantor.

Before PRINCE, J., Colleton, November term, 1912. Affirmed.

Action by C. M. Smyly et al. against Colleton Cypress Company. Defendant appeals.

Messrs. Howell & Gruber, for appellant, cite: Acts proved do not show possession: Rice 375; 1 N. & McC. 218; 2 N. & McC. 579; 25 S. C. 252. Duty to direct a verdict: 91 S. C. 462.

Messrs. Padgett, Lemacks & Moorer and H. R. Padgett, contra, cite: Possession at time of trespass is sufficient: 86 S. C. 358; 71 S. C. 327; 59 S. C. 131; 3 Strob. 473; 61 S. C. 311; 3 Hill 265; 60 S. C. 392. Location is for the jury: 40 S. C. 134; 93 S. C. 569; 50 S. C. 293; 74 S. C. 63. Possession is for the jury: 1 Hill 88; 53 S. C. 24; 45 S. C. 312; 62 S. C. 193; 50 S. C. 293; 2 McC. 289; 25 S. C.

252; 18 S. C. 554. *Possession of part is possession of all covered by plat:* 2 M. & McC. 138; 3 Strob. 465, 479; 25 S. C. 181; 2 Hill 466. *Innocent purchaser cannot apply here:* 2 Pom. Eq. Jur. 735; 31 S. C. 325; 14 S. C. 312; 67 S. C. 377; 20 S. C. 58; 28 S. C. 580; 17 S. C. 563. *Possession is notice of title:* 22 S. C. 32; 29 S. C. 147; 72 S. C. 235; 79 S. C. 286; 82 S. C. 378. *Defense of innocent purchaser must be pleaded:* 16 S. C. 586; 59 S. C. 147; 2 Pom. Eq. Jur. 784.

July 31, 1913. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. This is an action of *quare clausum fregit,* to recover actual and punitive damages for trespasses, alleged to have been committed on four hundred and forty-eight acres of swamp lands, of which the plaintiffs alleged that they were in possession, and were the owners in fee.

The defendant denied, generally, the allegations of the complaint, and set up as a defense that it was a purchaser for valuable consideration without notice, actual or constructive.

At the close of the plaintiffs' testimony, the defendant made a motion for a nonsuit, on the ground that the plaintiffs totally failed to prove actual possession of the property in dispute; and, on the further ground, that they failed to prove legal title to the said property.

His Honor, the presiding Judge, refused the motion, on the ground that although the plaintiffs had failed to show title in themselves, nevertheless there was testimony tending to prove that they were in possession of the property at the time of the alleged trespasses.

The jury rendered a verdict in favor of the plaintiffs for four thousand dollars, whereupon the defendant made a motion for a new trial, which was also refused. The defendant then appealed.

The first question that will be considered is whether there was any testimony tending to show that the plaintiffs were in possession of the lands, at the time of the alleged trespasses.

The plaintiffs relied upon a number of facts and circumstances, and, while no particular one is sufficient to show that they were in possession of the lands at the time mentioned, nevertheless, when the facts are considered as a whole, they satisfy us that the nonsuit was properly refused.

The rule is thus stated in *Railroad* v. *Partlow,* 14 Rich. 237: "It may be that no one of the facts would, of itself, warrant the inference, and yet, when taken together, they may produce belief, which is the object of all evidence." In Greenl. Ev., sec 51a, it is said: "It is not necessary that the evidence should bear directly upon the issue. It is admissible if it tends to prove the issue, or constitutes a link in the chain of proof, although alone, it might not justify a verdict in accordance with it."

It was peculiarly a question to be determined by the jury, whether the possession of the plaintiffs was continuous, or in the nature of repeated trespasses.

We have not discussed the testimony in detail, as it would unnecessarily prolong the opinion, and subserve no useful purpose.

The next question that will be considered is whether there was error on the part of his Honor, the presiding Judge, in ruling that the doctrine of innocent purchaser for value without notice, has no application, where people claim from different sources.

The defense of purchaser for value without notice, when it arises out of the recording acts, presents a *legal* issue to be determined by the jury. *Gregory* v. *Ducker,* 31 S. C. 141, 9 S. E. 780; *Hodges* v. *Kohn,* 67 S. C. 69, 45 S. E. 102; 2 Pom. Eq. Jur., section 736.

But whether considered in its legal or equitable aspect, it is not applicable to this case, for the reason that, as stated

by his Honor, the presiding Judge, the plaintiffs and defendants do not claim from a common source of title.

The rule is thus stated in 2 Pom. Eq. Jur., section 658: "It is not every subsequent purchaser who comes within the purview of the statute. The mere fact that subsequently to the registering of a deed of certain premises, a third person purchases the same premises from any source of title, from any grantor whatsoever claiming to own them, does not render the purchaser necessarily chargeable with notice of the prior recorded conveyance.

"The only subsequent purchaser, who is charged with notice of the record of a conveyance, is one who claims under the same grantor from the same source of titles. If two titles to the same land are distinct and conflicting, the superiority between them depends not upon their being recorded, but upon their intrinsic merits. It is a settled doctrine, therefore, that a record is only a constructive notice to subsequent purchasers deriving titles from the same grantor."

In section 735 of the same volume, it is also said: "This section will deal with the equitable doctrine of *bona fide* purchaser for a valuable consideration and without notice. The doctrine in its original form was purely equitable. Questions of priority can not, as has already been stated, arise between successive adverse estates, which are purely legal, and, therefore, can not independently of statutory permission, come before courts of law for settlement; such estates must stand or fall upon their own intrinsic merits and validity. A contest concerning priority or precedence, properly so called, can only exist where one of two claimants hold a legal and the other an equitable title, or when both hold equitable titles, and must therefore belong to the original jurisdiction of equity. Courts of equity do not have jurisdiction of suits, brought merely to establish one purely legal title against another and conflicting legal title."

The principle was announced in *Martin* v. *Quattlebaum,* 3. McC. 205, that a deed to land is not affected in any way by not being recorded, except as to subsequent purchasers from the same grantor—the Court concluding its opinion as follows: "The law never meant anything so absurd as to say that if a man sold his land and made a title for it, which should not be recorded, that such title should be destroyed by another's making a title to the same land, and having it duly recorded."

This doctrine was affirmed in *Youngblood* v. *Keadle,* 1 Strob. 121. In that case Mr. Justice Wardlaw dissented, on the ground that the act of 1698, which was then under consideration, did not limit its application to those cases, in which the parties claimed from a common source of title. He, however, thus succinctly stated the general object of the recording acts: "A registry is designed for public information, and it can be searched only by indexes referring to names. No search would usually disclose conveyances made by unknown third persons, of the same property which has been mortgaged or sold by an instrument, whose validity is under investigation; and often the conveyance of a third person if found, although containing the same property, might not afford the means of identification."

See, also, *Richardson* v. *A. C. L. Corporation,* 93 S. C. 254.

These cases are in accord with the general doctrine elsewhere. In 39 Cyc. 1721, we find the following: "It is sometimes said that the record of a conveyance which is entitled to be recorded, is constructive notice to all the world. But this is too broad and unqualified an enunciation of the doctrine. It is constructive notice only to those who are bound to search for it; subsequent purchasers claiming under the same grantor, or through one who is the common source of title." At page 1728 the same author says: "The record of an instrument not in the chain

of title through which the purchaser claims, is not constructive notice to the purchaser, the record being notice only to those who claim under or through the same grantor."

Judgment affirmed.