LOUIS CAPORALE, RESPONDENT, v. SAMUEL H. RUBINE, APPELLANT.

Submitted July 8, 1918—Decided November 18, 1918.

Where one of two parties to an agreement to exchange real estate has sold his property to a third party, the other party, while relieved from making a tender of a deed of his property, is not relieved from the duty of establishing that he was able and ready to perform his part of the undertaking, in order to recover damages for a breach of the contract.

On appeal from the Supreme Court.

For the appellant, *Gross & Gross.*

For the respondent, *Mackay & Mackay.*

The opinion of the court was delivered by

KALISCH, J.  The legal question presented on this appeal is whether the plaintiff made out a case legally sufficient to warrant its submission, by the trial judge, to a jury for its decision.

The plaintiff below was permitted to recover a verdict for $925 and costs against the defendant below, as damages, for an alleged breach of contract, and to enter judgment on the verdict, from which judgment the defendant appeals.

The legal question as to the sufficiency of the proof is raised by a motion for a nonsuit, which was denied, and by a motion to direct a verdict for defendant, which was also refused.

The case shows that the present litigants entered into a written agreement, whereby the defendant agreed to convey to the plaintiff property in Woodcliffe on Hudson, at a purchase price of $14,850, subject to a mortgage of $10,000. The plaintiff agreed to convey to defendant in exchange and payment for the property to be conveyed to him certain lots in Woodcliffe, valued at $10,000, subject to a mortgage of $6,900, and to give defendant a purchase-money mortgage for $1,750, on the property conveyed by the latter to the plaintiff.  The plaintiff declared in the agreement that the property to be conveyed by him to the defendant was absolutely free and clear of all encumbrances, excepting a balance of $6,900 due the Woodcliffe Land Improvement Company, represented by the mortgage above referred to.  The title to the respective property was to be passed on or before May 1st, 1917, at Mr. Halpin's office.

The agreement was entered into on the 6th day of April, 1917.  It appears that the plaintiff never had the legal title

to the property which he contracted to convey to defendant, but that the legal title thereto was and remained in the Woodcliffe Land Improvement Company. This company, in July, 1913, entered into an agreement with the plaintiff's wife to convey the property to her upon certain conditions to be performed by her and upon her compliance therewith, to make, execute and deliver to her a deed in fee-simple subject to the various restrictions mentioned in the agreement, and which limit the use of the property by the owner in many material respects.

The plaintiff's wife died in February, 1916, and by her will she devised to her husband the equity in the property arising out of the agreement made by her with the land company. Therefore, when the plaintiff entered into the agreement with the defendant to convey the property to him, the former had simply an equitable title thereto, and, as appears from the agreement made with the land company, the property was subject to servitudes.

It is, however, of no importance that the plaintiff, at the time when he entered into the contract to convey the property to the defendant, was not invested with title to the property, provided he could establish that he was in a position to perform his undertaking in conformity with the agreement, in that he was able to procure the title or control it and have it conveyed to the purchaser and offers to do so. 39 *Cyc.* 1983.

It is obvious from the agreement between the parties that there was to be a concurrent performance by both, since the performance of one was the consideration of the performance of the other. Neither was required to make a tender first.

The legal rule is well stated by Chief Justice Ewing in *Ackley* v. *Richman,* 10 *N. J. L.* 304 (at *p.* 306), where he says: "The parties to a contract for the sale of land, unless there is something peculiar in its structure, expect and intend the performance on each part at the same time. The delivery of the deed and the payment of the money are to be simultaneous. Each supposes he is to perform upon a corres-

pondent performance on the other part. Neither supposes he is bound to perform if the other neglects or refuses, and is to resort after performance to a remedy on the covenant. Neither supposes he is liable to an action by the other, when the other has not performed, or offered to perform."

Counsel of respondent claims that the plaintiff was not legally obligated to be in a position to convey a good title at the time fixed in the contract, but only that he should be able to convey a good title at the time of performance; and as it appeared that the defendant had divested himself of the title to the property which he had agreed to convey to the plaintiff, the plaintiff was relieved from carrying out. his part of the agreement, and was, therefore, entitled to bring his action for damages.

The latter part of this contention is obviously unsound.

The defendant's act in conveying the title to his property to a third person had no other legal effect than to relieve the plaintiff from making a tender of a deed of his property to the defendant.

But the plaintiff was not relieved from establishing, in order to recover damages for a breach of contract, that he was able and ready to perform his part of the undertaking. *Ackley* v. *Richman, supra; Conover* v. *Tindall,* 20 *N. J. L.* 513 (at *pp.* 515 and 516) ; *Bigler* v. *Morgan,* 77 *N. Y.* 312; 39 *Cyc.* 1983.; *Wells, Fargo & Co.* v. *Page,* 3 *L. R. A. (N. S.)* 103.

The measure of the plaintiff's legal obligation in the present case was to establish by competent proof that he was able and ready to convey a title such as would comply with the requirements of the agreement. This he clearly failed to do.

It is manifest from the terms of the agreement made by the plaintiff's wife with the land company that the plaintiff could not have conveyed the title free from the restrictions imposed upon the property, and that the land company was under no legal duty to make any such conveyance until the year 1926. Furthermore, there was no evidence that the land company was ready and willing to make a conveyance of the

title to the defendant at the present time, nor was there any proof that the land company could lawfully release the property from the restrictions imposed upon it, or that the company was able and ready to convey the title to defendant, "absolutely free and clear of encumbrances."

The defendant was, therefore, entitled to prevail on his motion for a nonsuit and on his motion for a direction of a verdict for defendant.

The judgment is reversed and a new trial ordered.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ.   14.