13732

HOLLIDAY v. ATLANTIC COAST LUMBER CORPORATION ET AL.

(172 S. E., 219)

*Messrs. Baker & Baker* and *A. F. Woods,* for appellant,

*Messrs. Willcox, Hardee & Wallace,* for respondent, ▮

*Messrs. Royall & Wright,* for respondents, ▮

December 9, 1933.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN.

The claim of the plaintiff herein is that the defendant lumber company trespassed upon her land, cut timber belonging to her, and thereby caused her serious financial damage. The claim is also made that the Collins defendants claim some pretended interest in the lands of the plaintiff, and that they encouraged and instigated the trespass and damage, as claimed against the lumber company. In the suit which was brought May 22, 1929, and was tried at the November, 1931, term of the Court for Florence County, as a tort action before Judge Mann and a jury, the plaintiff claimed damages against all defendants.

At the conclusion of the testimony, both sides moved for directed verdicts, and the Circuit Judge directed a verdict for the defendants. From the judgment entered thereon, this appeal is taken, the plaintiff-appellant charging error on

the part of the Circuit Judge in directing a verdict for the defendants and in refusing to direct a verdict for the plaintiff.

In some jurisdictions, notably the Federal Courts, a cause is automatically withdrawn from further consideration by the jury, and rests solely with the presiding Judge when both sides move for direction of a verdict. Without expressing an opinion as to the merits of this form of procedure, it is only necessary to say that it has never been adopted in the Courts of South Carolina, and juries in this State are the sole judges of the facts.

The testimony in this case is voluminous, and a careful study of it is convincing that the province of the jury was invaded by the Circuit Judge when he declined to submit any of the issues for their determination. The case of *Smyly v. Cypress Co.,* 95 S. C., 349, 78 S. E., 1026, expresses the view that it is "peculiarly a question to be determined by the jury whether the possession of the plaintiffs was continuous, or in the nature of repeated trespasses."

To the same effect are many South Carolina cases decided both before and since the *Smyly case.* There was a notable lapse in the chain of title presented by both plaintiff and defendants in this cause, and the question of possession of the property was possibly the principal contention of both sides. Much testimony was offered to establish this feature at the trial.

A full recital of the testimony is deemed neither necessary nor advisable, as, in our opinion, the jury should have been permitted to pass upon the disputed facts. We do not think the testimony warranted the direction of a verdict for either plaintiff or defendants, in view of the conflict in such testimony which is easily apparent from a reading of the transcript.

It is the judgment of this Court that the judgment of the lower Court be reversed and that the cause be remanded for a new trial.

Mr. Chief Justice Blease and Messrs. Justices Stabler, Carter and Bonham concur.