**MILLER v. SCHWINN, Inc.**
No. 7409.

United States Court of Appeals for the
District of Columbia.

Decided June 24, 1940.

Milton Strasburger and David Hornstein, both of Washington, D. C., for appellant.

Joseph T. Sherier, of Washington, D. C., for appellee.

Before STEPHENS, MILLER, and VINSON, Associate Justices.

VINSON, Associate Justice.

The plaintiff, appellant here, brought an action in the District Court on two contracts relating to exchange of certain real properties, alleging breach thereof by the defendant, appellee here. On answer by the defendant that the plaintiff himself could not have performed, and trial of the issues, the court directed a verdict for the defendant. From that action the plaintiff here appeals.

Disposition of the appeal requires consideration of certain provisions of the contracts and conduct of the parties in reference thereto. The first contract was entered into on June 5, 1936, and provided in part:

"(1) That the [plaintiff] * * * shall convey * * * unto the [defendant] * * * by deed with special warranty, free and clear of encumbrance, all that parcel of land situate in Montgomery County, Maryland, shown as parcel 'C'. * * *

"(2) That the [defendant] * * * shall convey or cause to be conveyed, unto the said [plaintiff] * * * by deed with special warranty, [certain parcels of land in the District of Columbia, encumbered by certain deeds of trust, and $850 in cash]. * * *

"(4) That the respective parties hereto, in order to indemnify each other against loss as a result of the breach of the contract of exchange herein entered into, agree that in the event either of the respective parties hereto shall fail to comply with the terms of this contract then in that event the defaulting party shall pay to the party aggrieved the sum of Five Thousand Dollars ($5000) liquidated damages. * *

"(5) That the title to each property shall be good of record and in fact, subject only to * * * encumbrances herein men-

tioned, if any. Should either title, upon examination, be found defective this agreement shall, at the option of the vendee of such property, be and become null and void, but neither party hereto shall be liable to the other for any damage by reason of such defective title, and they hereby accordingly release each other from any such liability.

"(8) That the [plaintiff] * * * guarantees that the land to be conveyed by him is zoned for apartment purposes and that he will put in suitable and sufficient sewer and water services for the property at his own expense before date of settlement."

The plaintiff arranged to secure sewer and water service for parcel C as required by the contract but, in so doing, perpetually and irrevocably dedicated (June 15, 1936) to Washington Suburban Sanitation Commission of Maryland, a strip of land six feet wide entirely across one side thereof (201.7 ft.) for installation and maintenance of a sewer designed to serve other property as well as parcel C (referred to herein as the dedication). No actual notice of this dedication was given, to the defendant.

When time came for consummation of the exchange contract, August 15, 1936, the defendant stated it was unable to perform. Thereafter, a supplemental contract was entered into August 31, 1936, whereby: "The day and date of the * * * contract of June 5th, 1936, is hereby extended from August 15, 1936 to October 16th, 1936. (2) In consideration of said extension as aforesaid, the [defendant] * * * agrees to pay to the [plaintiff] * * * the sum of Two Thousand Five Hundred Dollars * * *". Shortly before this extended performance date, the defendant again stated it could not perform, because title to its own property was involved in another transaction.

Thereupon, after demand made and refused, the plaintiff brought this action to recover $5,000 for liquidated damages under the first contract and for $2,500 dam-

ages for breach of the extension contract. Institution of this action informed the defendant for the first time that the plaintiff had made the dedication to the Commission. On the basis of this information it answered that the plaintiff could not have conveyed parcel C free from encumbrances as required by the contract and hence was not entitled to recover. With this the District Court agreed.

▬ In challenging the action of the District Court in directing a verdict against him, the plaintiff advances two propositions. First he contends that the defendant is precluded from asserting as a defense that the plaintiff had put it out of his power to convey parcel C free from encumbrances since it, at the time of the breach, assigned only inability on its own part as reason for non-performance. In this contention there is no merit. The plaintiff's irrevocable dedication preceded by a considerable interval both statements by the defendant, hence the latter events cannot be said to have induced the former. Nor can it be said that the defendant was under a duty to complain of the dedication prior to the performance dates of the two contracts in view of the unchallenged finding of the District Court that it did not learn of the same until institution of this action.[1] Under these circumstances neither repudiation of the contracts nor silence respecting the dedication can work an estoppel against assertion as a defense to this action that the plaintiff could not have fulfilled a vital condition of the contract, conveyance of parcel C free from encumbrance. "If the promisee [plaintiff] could not or would not have performed the condition in any event, the manifestation of unwillingness or inability of the promisor [defendant] to perform will not give rise to a cause of action because the promisee [plaintiff] cannot allege and prove that he would have become entitled to receive performance by complying with the condition, had it not been for the promisor's [defendant's] misconduct." Williston on Contracts, 3rd Ed. § 698A.[2]

---

[1] The duty rather was on the plaintiff to inform the defendant of the dedication. Evans v. Marsh, 38 App.D.C. 341, 346.

[2] See, also, Bank of Columbia v. Hagner, 1 Pet. 455, 464, 26 U.S. 455, 464, 7 L.Ed. 219; Petersen v. Wellsville City, 8 Cir., 14 F.2d 38; Caporale v. Rubine, 92 N.J.L. 463, 105 A. 226, 227; Bigler v. Morgan, 77 N.Y. 312; Eddy v. Davis, 116 N.Y. 247, 22 N.E. 362, 363; Re-

statement, 1 Contracts, § 306, comment a: " * * * if the condition could not or would not have been performed had there been no repudiation of the promise, the promisor is not precluded from asserting the requirement of the condition. In such a case both parties are free."

Cases cited by the plaintiff for the proposition that assignment of one defense before trial bars reliance on others

We come then to the plaintiff's second contention—that the dedication did not violate his undertaking to convey the same free from encumbrance.

An encumbrance has been defined as "every right to, or interest in the land granted, to the diminution of the value of the land, but consistent with the passing of the fee of it by the conveyance". Prescott v. Trueman, 4 Mass. 627, 629, 3 Am.Dec. 246. The plaintiff's dedication of the six foot strip across one side of parcel C to the Commission gave the latter perpetual and absolute authority to install, repair and replace therein a sewer to provide service for other property as well as parcel C. Existence of an easement of this character is regarded by the great weight of authority as contravening a covenant against encumbrances.[3]

The plaintiff argues, however, that the contracts in the instant case indicate that the parties did not intend that the dedication should be regarded as violative of his undertaking to convey free from encumbrance. He points out that the main contract of June 5, 1936, required him to "put in suitable and sufficient sewer and water services" for parcel C; that this property lay within the jurisdiction of the Washington Suburban Sanitation Commission of Maryland and any plan for sewer installation was subject to its approval; that the plan recommended by the Commission's Chief Engineer, requiring the dedication, represented the least expensive and therefore most desirable method for making sewer service available to parcel C and other property in that vicinity; and that as the only plan considered, it was approved by the Commission and acted on. From all this, the plaintiff argues that the provision in the contract requiring him to put in sewer facilities must be regarded as excepting the dedication incident thereto from categorization as an encumbrance.

The contention is plausible but not persuasive. Alternative methods for providing parcel C with sewer facilities, not requiring dedication of a portion thereof, were not explored by the Commission or its Engineer; apparently, because of the fact that the plaintiff, indicating principal interest in securing sewer facilities for another nearby property also owned by him, did not object to dedication of a portion of parcel C in order to achieve that end, and, further, the prospect that other plans would have involved greater expense. It appears from the record, and in ruling against the plaintiff the District Court implicitly found, that it would have been feasible to furnish parcel C sewer facilities without dedication of a portion thereof for a main or common sewer line.[4] Although such a plan would have involved

later do not involve non-performance by the plaintiff of a condition to the defendant's liability. Where that non-performance cannot be charged in some manner to the defendant's misconduct, see Williston on Contracts, Rev.Ed., §§ 676–698B, it will defeat the plaintiff's cause of action. See authorities cited supra and cases cited in n. 10 of § 698A of Williston.

[3] See Atlantic Mortgage & Finance Co. v. Hamilton, 5 Cir., 40 F.2d 583; Moore v. Clarke, 157 Wash. 573, 289 P. 520; Thackeray v. Knight, 57 Utah 21, 192 P. 263; Krotzer v. Clark, 178 Cal. 736, 174 P. 657; Wingard v. Copeland, 64 Wash. 214, 116 P. 670; Stavnezer v. Cooley, 115 Conn. 452, 161 A. 863; Yaeger v. Bierbrauer, 244 App.Div. 764, 279 N.Y. S. 266; Smith v. Sprague, 40 Vt. 43; Pemsel and Wilson v. Tucker, L.R. [1907] 2 Ch.Div. 191, 201. Contra: First Unitarian Society of Iowa City v. Citizen's Savings & Trust Co., Iowa City, 162 Iowa 389, 142 N.W. 87, 51 L.R.A.,N. S., 428, Ann.Cas.1916B, 575, vigorous dissenting opinion by Deemer, J. at page 90 of 142 N.W. The commentator in 51 L.R.A.,N.S., 428 states that the conclusion of the majority in this Iowa case " * * * cannot be reconciled with the great weight of authority upon the question." Among other things, the majority of the Iowa Court argue, as do counsel for the plaintiff in the instant case, that a sewer is a benefit rather than a detriment to residence property. If the choice lay between property with or without sewer facilities, that is obviously true. If, however, the choice lies between property served by a public sewer laid thereunder and property served by a private connection to a public sewer laid under the street, it seems equally clear that the former, other things being equal, would be less desirable.

[4] Section 8 of the Act creating the Washington Suburban Sanitation Commission provides in part: "The Commission shall at any time permit a connection with a water main or sewer by a property owner whose property does not abut on said water main or sewer, and who has not previously thereto paid a

greater expense, the plaintiff was required by the contract to provide such facilities "at his own expense", not at the expense of parcel C. These considerations, and the fact the defendant was informed at no time during the negotiations that a dedication would be made, make it clear that the requirement of the plaintiff to furnish parcel C sewer facilities cannot be regarded as indicating an intention to create an exception to the undertaking to convey free from encumbrances.

■ In further support of his contention that the dedication is not to be regarded as an encumbrance, the plaintiff makes another argument predicated on the fact that parcel C was subject to a zoning regulation prohibiting building within eight feet of the boundary of the property.[5] It is argued that dedication of six feet of this strip to the Commission for sewerage purposes deprived the defendant of nothing. Ownership subject to an easement for light and air is obviously something different from ownership subject to an additional easement for installation, repair and replacement of a sewer line serving several properties. Moreover, the zoning regulation does not represent a permanent prohibition against building to the same extent as the irrevocable dedication. Not inconsistent with testimony in the record regarding the nature of the zoning regulation is the possibility that, by acquiring an adjoining parcel of land, the owner of parcel C might be entitled to build up to or past the present boundary. Another contingency, not too remote for consideration, is the possibility of change in the zoning regulation itself.[6] Thus, possibilities for utilization of the area in question, not foreclosed by the zoning regulation, are defeated by the dedication. Concerned as we are in this case with property subdivided for apartment residences, we are of the opinion that, assuming the zoning prohibition against building in the eight foot strip abutting the boundary is not an encumbrance, the surrender of other rights of ownership involved in the dedication of the six foot strip for sewerage purposes does constitute such an encumbrance.

■ The final argument made by the plaintiff in support of his contention that the dedication is not to be regarded as an encumbrance goes only to the supplemental or extension contract. He points out that the dedication was recorded in Montgomery County, Maryland, prior to the making of this latter contract. From this he argues that the defendant had constructive knowledge thereof at the time of contracting and that the dedication should not, therefore, be regarded as an encumbrance under this contract. Underlying this argument is the theory that a demonstrable intention of the parties, not embodied in the contract, to have parcel C conveyed subject to the dedication will prevail against a written undertaking to convey free from encumbrance.[7] The validity of that proposition we need not here decide for the reason

---

benefit for the construction of said water main or sewer, provided said Commission shall first determine the classification of said property and a front-foot charge to be paid by said property owner as though his property abutted on said water main or sewer; and in the event of such connection being made said property owner and said property, as to all charges, rates and benefits, shall in every respect stand in the same position as if the said property abutted upon a water main or sewer." Laws of Maryland (1918) 248, 256, c. 122. From this it would appear that parcel C would have been entitled to sewer service without dedication of a portion thereof if such a plan was feasible. The Chief Engineer for the Commission testified that it would have been.

[5] The Chairman of the Washington Suburban Sanitation Commission testified that: "There is a building restriction within the area where Parcel 'C' is lo-cated, to the extent of eight feet on each side and twenty five feet on the front; nothing could be built on this restricted portion."

[6] "The possibility of a change in the zoning ordinance cannot be said to be too remote for practical consideration". Van Vliet & Place, Inc., v. Gaines, 249 N.Y. 106, 162 N.E. 600, 601, 59 A.L.R. 682.

[7] As a general rule extrinsic evidence that the parties did not intend a particular lien, charge, or burden on the estate to be regarded as an encumbrance within a covenant against such is not admissible. To that general rule in a number of jurisdictions there is an exception when the burden is physical in character, visible from inspection of the property and apparently known to the vendee at the time of contracting. Underlying this exception is the theory that in such a case the parties intend that the property be sold subject to the encumbrance and

that no such intention has been demonstrated.

The District Court found that the defendant did not learn of the dedication until institution of this action and that finding is not here challenged. Hence, it cannot be said that the defendant actually intended, at the time the extension contract was executed, to create an exception to the plaintiff's general undertaking to convey free from encumbrance. Nor can such an intention be presumed as a matter of law from the fact that the dedication was then recorded. Recordation gives constructive notice only to those persons bound to take notice thereof.[8] As against the vendor, the purchaser is entitled to rely on an express undertaking to convey free from encumbrance.[9] The mere fact that a particular burden on the estate is of record will not, as between these parties impute knowledge thereof to the purchaser nor an intention on his part to accept the property subject to the encumbrance.[10]

We conclude that the plaintiff, by dedicating to the Commission a portion of parcel C for sewerage purposes, put it out of his power to convey parcel C free from encumbrance. He could not therefore have performed his contractual obligations under the main or extension contracts, hence he is not entitled to prevail in this action.

The judgment of the District Court must be affirmed.

Affirmed.

---

bargain accordingly. For citation of authorities supporting the general rule and this exception thereto see Notes 4 L.R.A.,N.S., 309; 32 L.R.A.,N.S., 737; 36 L.R.A.,N.S., 313; 64 A.L.R. 1479.

[8] Kinch v. Fluke, 311 Pa. 405, 166 A. 905, 906; Dwelle v. Home Realty & Investment Co., 134 Kan. 520, 7 P.2d 522, 525; Smyly v. Colleton Cypress Co., 95 S.C. 347, 78 S.E. 1026, 1027; Lynchburg Perpetual Bldg. & Loan Ass'n v. Fellers, 96 Va. 337, 31 S.E. 505, 70 Am. St.Rep. 851: 2 Pomeroy, Equity Jurisprudence, 4th Ed., § 657; 66 C.J., Vendor & Purchaser, § 971, n. 49 and cases cited.

[9] Evans v. Marsh, 38 App.D.C. 341,

346; Linn v. Green, C.C., Colo., 17 F. 407; Dixon v. Morgan, 154 Tenn. 389, 285 S.W. 558, 563; Bossieux v. Shapiro, 154 Va. 255, 153 S.E. 667, 668, 669; Stanton v. St. Michell, 130 Wash. 449, 227 P. 737, 738; Buchanan v. Burnett, 102 Tex. 492, 119 S.W. 1141, 1142, 132 Am.St.Rep. 900; Oliver v. O'Kelley, 48 Ga.App. 762, 173 S.E. 232, 234; Harper v. Bronson, 104 Fla. 75, 139 So. 203, 208; Cameron v. Evans Securities Corp., 119 Cal.App. 164, 6 P.2d 272, 275; Roberts v. Levy, 3 Abb.Pr.,N.S., N.Y., 311, 316; Note 28 L.R.A.,N.S., 209 and cases cited; 27 R.C.L., Vendor & Purchaser, § 69, note 15.

[10] See cases cited supra note 9.