**320**

### BRADLEY, BEALL & HOWARD, Inc., v. MILLER.

### MILLER v. BRADLEY, BEALL & HOWARD, Inc.

#### Nos. 8044, 8045.

United States Court of Appeals for the District of Columbia.

Argued May 7, 1942.

Decided June 1, 1942.

Mr. Joseph T. Sherier, of Washington, D. C., for appellant, Bradley, Beall & Howard, Inc.

Mr. Milton Strasburger, with whom Mr. David Hornstein, both of Washington, D. C., was on the brief, for appellee, Morris Miller.

Before GRONER, Chief Justice and MILLER and RUTLEDGE, Associate Justices.

PER CURIAM.

The case is this: In 1936 Schwinn, Inc., was the owner of certain improved property in the District of Columbia. At the same time Morris Miller (appellee) was the owner of certain unimproved property in Montgomery County, Maryland. Bradley, Beall & Howard, Inc. (appellant), was a real estate broker in the District of Columbia. As the result of the efforts of the latter, on the 5th day of June, 1936, Schwinn and Miller entered into a written contract for the exchange of their properties. A clause of the contract provided that, if either failed to comply with the terms, such defaulting party should pay to the other $5,000 as liquidated damages in full settlement of the breach. The property of Schwinn was to be conveyed subject to certain encumbrances, but that of Miller was to be conveyed free of all encumbrances. The concluding clause of the contract provided:

"That Bradley, Beall & Howard, Inc., is acting in the premises as agents for all of the parties hereto and with the full knowledge and consent of all of the said parties hereto, and shall be paid a commission for its services the sum of Seven Hundred Fifty Dollars ($750.00) by said party of the first part [Miller], and shall also be paid a commission for its services the sum of Forty-Two Hundred Fifty

Dollars ($4250.00) by said party of the second part [Schwinn]. Said commissions to be paid at the time of settlement."

Miller deposited with Bradley $750 at the time of the agreement. The contract was to be performed on August 15, 1936, but on August 31, by mutual consent, the time was extended to October 16 following. On that day Schwinn was admittedly unable to convey title to its property, and Miller brought suit for breach of contract. At the trial it was proved that Miller likewise was in default, having after the execution of the contract conveyed away a portion of his property. This resulted in a judgment for Schwinn, which was affirmed by this court. Miller v. Schwinn, Inc., 72 App.D.C. 282, 113 F.2d 748.

The present action was begun by Bradley against Miller to recover the commission it would have received from Schwinn had the contract been performed. The theory of the suit is that Miller, by his conveyance of a portion of his property, put it beyond his own power to perform and thereby authorized Schwinn to treat the contract as void, as the result of which—it is claimed—the deal failed. Miller counterclaimed the right to receive back the $750 deposited by him with Bradley at the time of the signing of the contract. The theory of this was that Bradley knew at the time of the execution of the contract that Schwinn was unable to perform, and was under a duty to disclose that fact to Miller—in which case there would have been no contract. There was a trial without a jury before Judge Adkins, resulting in a judgment for Miller on Bradley's claim against him, and in a judgment against Miller on his counterclaim against Bradley. Both parties appealed.

The trial court made certain findings of fact, including the following:

"Finding 3.—[Bradley] at the time of the execution of the exchange contract and prior thereto knew of * * * the status of said title to three of the properties agreed by Schwinn, Inc. to be conveyed to Miller; the weight of the evidence indicates that Miller was not informed of the facts * * * at the time of the execution of the exchange contract."

"Finding 6.—Before October 16, 1936, Miller notified Schwinn that he was ready to perform. * * *

"Finding 7.—Schwinn was never able or ready to perform the contract * * * and the title to Schwinn's property was so involved that it was not and could not be released.

* * * * *

"On said date [October 16, 1936], Miller was unable to perform his contract because of the encumbrance mentioned in Finding 4(b). Miller did not realize that the encumbrance disabled him from performing and he was anxious to perform the contract.

"* * * Its [Schwinn's] refusal to perform the contract was not due to Miller's default."

On the basis of these findings the court below concluded that, since admittedly Schwinn was never able to perform, its breach of the contract was not attributable to Miller's subsequent default; and hence that Schwinn's failure created no cause of action in favor of Bradley against Miller. The court, however, thought that, since Miller was himself at fault in failing to comply with his contract, he could not recover the $750 which he had deposited with Bradley upon the execution of the contract.

 We are of opinion that the decision of the lower court was correct. Here we have a case in which each of the parties agreed to pay the broker a fixed sum of money as commissions for its services in bringing about an exchange of the property of the one for the property of the other. Neither agreed expressly or impliedly to pay the commissions which the broker was entitled to receive from the other upon completion of the contract. Neither was entitled to damages from the other for its breach, since both were responsible for the breach. Consequently, it cannot be properly said that but for the default of Miller the contract would have been performed and Bradley would have received its double commissions. In the case we have the broker is entitled to recover from each the amount which each, respectively, agreed to pay, and no more. Fox Company v. Wohl, 255 N.Y. 268, 273, 174 N.E. 650.

 As to the $750 claimed by Miller, it is insisted that since, as the trial court found, Bradley knew when the contract was made that Schwinn was unable to

perform, it had a duty to inform Miller of this fact, and by failing to do so it forfeited its right to a commission from him. It is undoubtedly the rule that a broker who conceals from one of the parties the fact that the other cannot perform is not entitled to recover a commission. But here the evidence shows that, while Bradley did not at first inform Miller of the status of Schwinn's title, it did inform him as early as August 15, the date first set for performance, that Schwinn was unable to perform. In spite of this, Miller chose to extend the time for performance, thereby expressing a willingness to take the risk of ultimate performance by Schwinn. In the circumstances, we think he waived any rights he had as against Bradley for its initial breach of duty to disclose and may not now deny liability to the latter for the commissions he agreed to pay.

Affirmed.